**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David ANDERSON, Defendant-Appellant.**

No. 79–1731.

United States Court of Appeals, Ninth Circuit.

July 11, 1980.

David W. Dooley, Arriola, Cowan & Acosta, Agana, Guam, for defendant-appellant.

Deborah Watson, Atty., Washington, D.C., for plaintiff-appellee.

Before SNEED and POOLE, Circuit Judges, and ZIRPOLI *, District Judge.

PER CURIAM.

After pleading guilty to one count of conspiracy to import heroin to Guam, appellant Anderson was sentenced to seven years imprisonment and a special parole term of three years. Prior to the imposition of the sentence, appellant requested he be sentenced under the Youth Corrections Act, 18 U.S.C. §§ 5005–5026, an Act not expressly made applicable to Guam. The sentencing judge expressly determined that appellant was not a proper candidate for sentencing under the Act, notwithstanding the existence of serious doubt concerning the application of the Act to Guam.

Appellant argues that the Due Process Clause of the Fifth Amendment requires that the Act be applicable to Guam, that he should have been sentenced under it, and that, in any event, the special parole term

was not authorized for violation of 21 U.S.C. § 963.

■ We need not address the appellant's first argument because no reversible error was committed by the sentencing judge in determining that appellant was not a proper candidate for sentencing under the Act. Under these circumstances we need not address the issue of the application of the Act to Guam. The appellant's second argument is without merit, of course.

■ The appellant's third argument prevails, however. In *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the Supreme Court held that a court may not impose a special parole term for conspiracy to commit a drug offense under 29 U.S.C. § 846 (1976). Though appellant's conviction was obtained under 29 U.S.C. § 963 (1976), the wording of that section is identical to that of section 846. *Bifulco* makes it clear, we think, that the special parole term given in this case was improper. We reverse and remand to the trial court for resentencing in accordance with the authority of *Bifulco*.

Affirmed in part, Reversed in part.

---

* Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.