UNITED STATES of America, Plaintiff,

v.

Yongyut
PHUNGPHIPHADHANA, Defendant.

No. CR LV 86–01, LDG.

United States District Court,
D. Nevada.

May 22, 1986.

Valerie Stewart, Las Vegas, Nev., for plaintiff.

Robert Lueck, Las Vegas, Nev., for defendant.

ORDER GRANTING DEFENDANT'S
MOTION TO CORRECT ILLEGAL
SENTENCE

GEORGE, District Judge.

On March 31, 1986, Defendant filed a motion, pursuant to Fed.R.Cr.P. 35(a), to correct his sentence by striking the Court's imposition of a special parole term of five years. The special parole term was to follow his 15-year imprisonment. Since the Defendant was convicted of willfully and knowingly distributing 3½ kilograms of heroin, his punishment is prescribed in 21 U.S.C. § 841(b)(1)(A). That section provides for punishment by imprisonment or fine, or both. However, the section provides for no special parole term. Consequently, Defendant claims the Court's sentence is illegal and must be corrected. The Court agrees and shall correct the sentence accordingly.

In *Bilfulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the Supreme Court held that imposition of a special parole term under 21 U.S.C. § 846 for persons convicted of conspiracy to commit federal drug offenses was improper since the statute provided punishment only by imprisonment or fine, or both. The statute involved in the *Bifulco* case is not the same one involved here. However, the same principle should apply. The Supreme Court reasoned that since no special parole terms were mentioned in 21 U.S.C. § 846, courts were not at liberty to infer such terms when the language of the statute is clear. Indeed, the United States Court of Appeals for the Ninth Circuit applied this reasoning to convictions under 21 U.S.C. § 963, holding that special parole terms were impermissible. *United States v. Anderson,* 652 F.2d 10, 11 (9th Cir.1980); *United States v. Bourdon,* 624 F.2d 77 (9th Cir.1980).

Although the defendant's conviction is not for conspiracy, the same reasoning should apply to the application of 21 U.S.C. § 841(b)(1)(B). No special parole terms are

mentioned as part of the punishment for violations of 21 U.S.C. § 841(a)(1). Therefore, the Court's imposition of a special parole term of five years following his 15-year period of imprisonment was improper. For these reasons,

IT IS ORDERED that Defendant YONGYUT PHUNGPHIPHADHANA's motion to correct illegal sentence be granted, and that the special parole term of five years be stricken from his sentence.