**UNITED STATES of America**

v.

**John Harvey MOWERY, Defendant.**

**Crim. No. 86–23–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 24, 1989.

## ORDER

OWENS, Chief Judge.

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, defendant moved this court to correct what he contended was an illegal sentence. Among other aspects of defendant's sentence, this court had imposed upon defendant Mowery a five year special parole term. Such parole term had been imposed pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant's motion was denied on December 5, 1988, and again on January 5, 1989.

Upon reconsideration of defendant Mowery's motion, this court has examined the applicable code section and has studied the various amendments to that section over the past several years. The court has determined that Congress failed to provide for the imposition of a special parole term for violators like defendant Mowery.[1]

---

**1.** *See United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986) (21 U.S.C.

§ 841(b)(1)(A) provides for punishment by fine or imprisonment, or both; section does not pro-

Therefore, this court hereby VACATES its orders of December 5, 1988, and January 5, 1989. Further, the court corrects the sentence imposed upon defendant Mowery by deleting the five year special parole term. Defendant Mowery's sentence remains otherwise the same as previously imposed.[2]

SO ORDERED.

---

vide for special parole term); *see also Bilfulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (holding that imposition of special parole term improper where such imposition not authorized by 21 U.S.C. § 846). In *United States v. De Los Reyes,* 842 F.2d 755 (5th Cir.1988), the court cited *Phungphiphadhana* and noted an error in that court's citation to the relevant penalty provision. The court also noted that the district court in *Phungphiphadhana* had cited the correct penalty provision earlier in its opinion and agreed that no special parole term was appropriate under 21 U.S.C. § 841(b)(1)(A). *Id.* at 758 n. 2.

2. Defendant Mowery has filed a notice of appeal of this court's January 5, 1989, order and he has moved to proceed on said appeal *in forma pauperis.* Today's order negates the need for any appeal and makes moot defendant Mowery's motion to proceed *in forma pauperis.*