866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard Wayne CRAWFORD, Defendant-Appellant.
 No. 88-7699.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 15, 1988.
Decided: Jan. 26, 1989.
 
 Howard Wayne Crawford, appellant pro se.
 Max Oliver Cogburn, Jr. (Office of the United States Attorney), for appellee.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howard Crawford appeals an order of the district court which denied his motion to correct his sentence under Fed.R.Crim.P. 35. We affirm.
 
 
 2
 Crawford contends that the district court had no authority to impose a special parole term as part of his sentence for a violation of 21 U.S.C. Sec. 841(a)(1) (possession of cocaine with intent to distribute). Although the Comprehensive Crime Control Act of 1984 removed the special parole term as a permissible penalty under Sec. 841(b)(1)(A), which contains the penalty for offenses involving more than 1000 grams of cocaine, it did not remove the authority to impose a special parole term for crimes involving lesser amounts. See Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(B) (1982 & Supp. III 1985). Subsequent revisions which removed the provision for a special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, after the date of Crawford's offense and sentencing. United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986), which is cited by Crawford, involved a sentencing under Sec. 841(b)(1)(A).
 
 
 3
 Neither the original indictment nor the superseding indictment charged Crawford with an offense involving more than 1000 grams of cocaine. In order to show that his sentence under Sec. 841(b)(1)(B) was incorrect, Crawford would need to demonstrate here that his offense did involve more than 1000 grams of cocaine. This he has failed to do. We therefore affirm the order of the district court denying Crawford's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.