866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry GROVER, a/k/a Tattoo Larry, Defendant-Appellant.
 No. 88-7121.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 6, 1988.
Decided: Jan. 26, 1989.
 
 Larry Grover, appellant pro se.
 Breckinridge Long Willcox (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Grover appeals an order of the district court which denied his motion to correct sentence under Rule 35, Federal Rules of Criminal Procedure. We affirm.
 
 
 2
 Grover contends that the district court had no authority to impose a special parole term as part of his sentence for a violation of 21 U.S.C. Sec. 841(a)(1) (distribution of PCP). However, the Comprehensive Crime Control Act of 1984, which Grover cites, removed the special parole term as a permissible penalty under Sec. 841(b)(1)(A), which contains the penalty for offenses involving more than 500 grams of PCP, but did not remove the authority to impose it under Sec. 841(b)(1)(B), which contains the penalties for crimes involving lesser amounts. See Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(B) (1982 & Supp. III 1985). Subsequent revisions which removed the provision for a special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, after the date of Grover's offense and sentencing. The case cited by Grover, United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986), involved a sentencing under Sec. 841(b)(1)(A).
 
 
 3
 Neither the original indictment nor the superseding information to which Grover pled guilty charged him with an offense involving more than 500 grams of PCP. In order to show that his sentence under Sec. 841(b)(1)(B) was incorrect, Grover would need to demonstrate here that the offense to which he pled guilty did involve more than 500 grams of PCP. This he has failed to do. We therefore affirm the order of the district court denying Grover's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.