866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred HART, Defendant-Appellant.
 No. 88-7270.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 9, 1988.
Decided: Jan. 30, 1989.
 
 Alfred Hart, appellant pro se.
 Mary S. Feinberg (Office of the United States Attorney), for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alfred Hart pled guilty to one count of distributing 28 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Hart was sentenced on August 24, 1987, to a term of four years in prison and was ordered to serve a special parole term of four years. On September 8, 1988, Hart filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a). In his motion Hart argued that a special parole term could not be imposed for a conviction of 21 U.S.C. Sec. 841(a)(1).[1] The district court concluded that imposition of the special parole term was proper under the statute and denied the motion. We agree and affirm.
 
 
 2
 In support of his position that the special parole term is illegal Hart relies on United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986). In Phungphiphadhana, the defendant was convicted of a violation of Sec. 841(a)(1) and was sentenced under Sec. 841(b)(1)(A). The district court in that case held that a special parole term could not be imposed for conviction under Sec. 841(a)(1). Id. at 89. The court in Phungphiphadhana based its opinion on the Supreme Court's decision in Bifulco v. United States, 447 U.S. 381 (1980), which held that imposition of a special parole term under 21 U.S.C. Sec. 846 for persons convicted of a federal drug conspiracy was improper because that statute did not specifically provide for a special parole term.
 
 
 3
 Hart's reliance on Phungphiphadhana and Bifulco is misplaced. Although the district court's opinion in Phungphiphadhana contains language which suggests that a special parole term may not be imposed under Sec. 841(b)(1)(B), it is likely that the district court's reference to Sec. 841(b)(1)(B) rather than Sec. 841(b)(1)(A) was inadvertent or a typographical error, as the defendant in that case was clearly sentenced under Sec. 841(b)(1)(A). Cf. United States v. De Los Reyes, 842 F.2d 755, 758 n. 2 (5th Cir.1988).
 
 
 4
 In United States v. Santamaria, 788 F.2d 824 (1st Cir.1986), the court noted that the Comprehensive Crime Control Act of 1984 (the Act) changed the penalties for violations of Sec. 841(a)(1).[2] The newly enacted Sec. 841(b)(1)(A), which governed sentences for offenses involving large amounts of controlled substances, did not contain a special parole provision. The amendments to the section governing sentences for smaller amounts of controlled substances, however, Sec. 841(b)(1)(B), did not immediately remove the authority for imposing special parole terms. 788 F.2d at 829. Although the provision allowing for special parole terms under Sec. 841(b)(1)(B) was amended by the Anti-Drug Abuse Act of 1986, the amendment was not effective until November 1, 1987.[3] Hart was sentenced on August 24, 1987, well before November 1, 1987. His sentence was governed by the version of Sec. 841(b)(1)(B) in effect at that time. The district court, therefore, was required to impose a special parole term as part of Hart's sentence.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, and affirm the judgment below.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Section 841, as it was in effect at the time of both commission of the offense and imposition of Hart's sentence, stated in pertinent part as follows:
 Any sentence imposing a term of imprisonment under this paragraph shall impose a special parole term of at least three years in addition to such term of imprisonment.
 21 U.S.C. Sec. 841(b)(1)(B) (1982) & Supp. III (1985).
 
 
 [2]
 The Comprehensive Crime Control Act of 1984 was enacted into law on October 12, 1984. Section 502 of the Act amended the penalty provisions of 21 U.S.C. Sec. 841(b). See Pub.L. No. 98-473, Sec. 502, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1837, 2068
 
 
 [3]
 Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, Sec. 1004(a), 1005(a)(2), 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3207, 3207-6. See also United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.1988) (for offenses committed prior to November 1, 1987, Sec. 841(b)(1)(B) authorized special parole term; for offenses committed after November 1, 1987, statute authorizes term of supervised release)