877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin GIRON, Defendant-Appellant.
 No. 88-7278.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1989.
Decided May 25, 1989.
 
 Benjamin Giron, appellant pro se.
 Mark Alan Berthiaume, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Benjamin Giron appeals an order of the district court which denied his motion to correct his sentence under Fed.R.Crim.P. 35. We affirm.
 
 
 2
 Giron contends that the district court had no authority to impose a special parole term as part of his sentence for a violation of 21 U.S.C. Sec. 841(a)(1) (possession of cocaine with intent to distribute). Although the Comprehensive Crime Control Act of 1984 did not provide for a special parole term as a permissible penalty under Sec. 841(b)(1)(A), which contains the penalties for offenses involving more than 100 grams of cocaine, in Sec. 841(l)(1)(B) it retained the authority to impose a special parole term for crimes involving lesser amounts. See Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(B) (1982 & Supp. III 1985). Subsequent revisions which removed the provision for a special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, after the date of Giron's offense and sentencing. United States v. Phunqphiphadhana, 640 F.Supp. 88 (D.Nev.1986), which is cited by Giron, involved a sentencing under Sec. 841(b)(1)(A).
 
 
 3
 The count to which Giron pled guilty did not charge him with an offense involving more than 100 grams of cocaine. In order to show that his sentence under Sec. 841(b)(1)(B) was incorrect, Giron would need to demonstrate here that his offense did involve more than 100 grams of cocaine. This he has failed to do. We therefore affirm the order of the district court denying Giron's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.