875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Frank THACKER, Defendant-Appellant.
 No. 88-7351.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided May 9, 1989.
Rehearing and Rehearing In Banc Denied June 1, 1989.
 
 James Frank Thacker, appellant pro se.
 Richard Wilcox Pierce, Julie Marie Campbell, Office of the United States Attorney, for appellee.
 Before WIDENER, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Frank Thacker appeals an order of the district court which denied his motion to correct his sentence under Fed.R.Crim.P. 35. We affirm.
 
 
 2
 Thacker contends that the district court had no authority to impose a special parole term as part of his sentence for a violation of 21 U.S.C. Sec. 841(a)(1) (possession of hydromorphone (dilaudid) with intent to distribute and distribution of hydromorphone). Although the Comprehensive Crime Control Act of 1984 removed the special parole term as a permissible penalty under Sec. 841(b)(1)(A), which contains the penalty for offenses involving more than a kilogram of Schedule II narcotic controlled substances, it did not remove the authority to impose a special parole term for crimes involving lesser amounts. See Comprehensive Crime Control Act of 1984, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(B) (1982 & Supp. III 1985). Subsequent revisions which removed the provision for a special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, after the date of Thacker's offense and sentencing. United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986), which is cited by Thacker, involved a sentencing under Sec. 841(b)(1)(A).
 
 
 3
 The indictment did not charge Thacker with an offense involving more than one kilogram of hydromorphone. In order to show that his sentence under Sec. 841(b)(1)(B) was incorrect, Thacker would need to demonstrate here that his offense did involve more than a kilogram of hydromorphone. This he has failed to do. In fact, the materials submitted by Thacker indicate that his offense involved more than 50 but less than 999 grams of the controlled substance. We therefore affirm the order of the district court denying Thacker's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.