**UNITED STATES of America,**

v.

**James MUNERA, Defendant.**

**No. 86 Cr. 279 (JMC).**

United States District Court,
S.D. New York.

July 14, 1989.

James Munera, pro se.

Benito Romano, U.S. Atty., S.D.N.Y., New York City, for U.S.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant's motion to correct an illegal sentence is granted. Fed.R.Crim.P. 35(a).

On June 2, 1986, defendant James Munera pled guilty to one count of importing 510 kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 812, 852, 960 and 18 U.S.C. § 2. On July 11, 1986, defendant was sentenced to eight years' imprisonment, a $50,000 committed fine and a special parole term of three years to commence upon the completion of his con-

finement. Defendant is currently incarcerated in Sandstone, Minnesota.

Defendant now moves, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure,[1] to correct his sentence contending that it is illegal because the statutory provisions setting forth the penalties for his offense did not authorize the Court to impose a term of special parole. Defendant challenges the special parole term as unauthorized under the reasoning of *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986). That case extended the analysis in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), by holding that part of section 841(b) of Title 21 of the United States Code lacked any provision for a special parole term and, therefore, could not be read as implying any judicial authority to impose such a sentence.

When defendant committed the crime (on March 16, 1986), to which he pled guilty (on June 2, 1986), the law in effect was Title 21 as then most recently amended by the Comprehensive Crime Control Act of 1984, Pub. L. No. 98–473, 98 Stat. 2030 (1984) [the "1984 Act"]. Before the 1984 amendments became part of the statutory structure, the type of offense committed by defendant—a violation of section 960(a)—unquestionably carried a mandatory special parole term with any sentence of imprisonment.

The 1984 Act, however, created in section 960(b) a new paragraph (1) which provided for heightened penalties for importation of large quantities of drugs. In addition, the 1984 Act renumbered paragraphs (1) and (2) of section 960(b) as paragraphs (2) and (3). Both defendant and the Government agree that at the time defendant committed the offense (March 1986) and at the time he was sentenced (July 1986), section 960 provided in pertinent part that:

(a) Any person who—

(1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally

---

**1.** For offenses committed prior to November 1, 1987, Rule 35(a) provides that "[t]he court may

correct an illegal sentence at any time...."

imports or exports a controlled substance,

\* \* \* \* \* \*

(b) Penalties

(1) In the case of a violation under subsection (a) of this section involving—

(A) 100 grams or more of a mixture or substance containing a detectable amount of a narcotic drug in schedule I or II other than a narcotic drug consisting of—

(i) coca leaves;

\* \* \* \* \* \*

(B) a kilogram or more of any other narcotic drug in schedule I or II;

\* \* \* \* \* \*

the person committing such violation shall be imprisoned for not more than twenty years, or fined not more than $250,000, or both.

(2) In the case of a violation under subsection (a) of this section with respect to a controlled substance in schedule I or II, the person committing such violation shall, except as provided in paragraphs (1) and (3), be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

21 U.S.C. § 960(a) and (b). Clearly, section 960(b)(1) *does not mandate the imposition* of a term of special parole for those offenders sentenced to prison terms. The Government argues, however, that section 960(b)(1) does not apply to transactions involving cocaine; thus, defendant was sentenced under 960(b)(2), which provides for a term of special parole. *See* Letter of Government in Opposition at 2 n. 1, 86 Cr. 279 (JMC) (S.D.N.Y. May 22, 1989). The Government's argument is without merit.

It is undisputed that defendant pled guilty to importing 510 kilograms of cocaine into the United States. *See* Reply Motion to Government's Response at 5, 86 Cr. 279 (JMC) (S.D.N.Y. June 20, 1989). It is clear that section 960(b)(1)(A) specifically excludes transactions involving cocaine.

Thus, the Court must determine whether section 960(b)(1)(B) applies to transactions involving a kilogram or more of cocaine.

In discussing the changes effected by the 1984 Act, the legislative history indicates that:

> Section 503 amends 21 U.S.C. 960(b), which sets out penalties for the major drug importation and exportation offenses, *in a manner consistent with section 502's amendments to 21 U.S.C. 841(b),* ... Paragraph (1) ... creates a new section 960(b)(1).... This section *is analogous to the new 21 U.S.C. 841(b)(1)....*

1984 U.S.Code Cong. & Admin.News at 3441–42 (emphasis added). The legislative history describes the new section 841(b)(1)(A) as punishing, *inter alia,* offenses involving a kilogram or more of cocaine. *Id.* at 3440.

Moreover, the cases that have already addressed the issue have found that transactions involving a kilogram or more of cocaine are punishable under section 841(b)(1)(A). *See United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.1988); *United States v. Sanchez,* 687 F.Supp. 1254, 1256 (N.D.Ill.1988); *Phungphiphadhana,* 640 F.Supp. at 88–89. As mandated by Congress, the same reasoning must apply to section 960(b)(1). Thus, offenses committed in violation of section 960(a), which involve transactions of one or more kilograms of cocaine, are punishable under section 960(b)(1)(B).

Defendant, therefore, was correctly sentenced under section 960(b)(1). No special parole terms are mentioned as part of the punishment for violations of 960(b)(1). Applying the *Phungphiphadhana* court's analysis of section 841(b) to the analogous section 960(b), the Court concludes that under the 1984 Act "a one-kilogram or larger cocaine deal *could not* be the subject of a special parole term in addition to a term in prison, but a *smaller* deal ... *had to* include a special parole term with any sentence of imprisonment." *Sanchez,* 687 F.Supp. at 1256 (emphasis in original); *see also McDaniel,* 844 F.2d at 536; *United States v. Mowery,* 703 F.Supp. 940 (M.D.

**614**

Ga.1989); *United States v. Ward*, 696 F.Supp. 247 (W.D.Tex.1988). Clearly, therefore, the Court's imposition of a three year term of special parole was incorrect under the then current provisions of section 960(b)(1). Accordingly, defendant's term of special parole must be stricken from his sentence.

## CONCLUSION

Defendant's motion to correct an illegal sentence is granted. Fed.R.Crim.P. 35(a). Defendant's term of special parole is vacated and hereby ordered to be stricken from his sentence.

SO ORDERED.