881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles BLAKE, Defendant-Appellant.
 No. 88-6837.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1989.
Decided Aug. 1, 1989.
 
 Charles Blake, appellant pro se.
 Dale L. DuTremble, Office of the United States Attorney, for appellant.
 Before DONALD RUSSELL, WIDENER, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Blake appeals an order of the district court which denied his motion to correct his sentence under Fed.R.Crim.P. 35. We affirm.
 
 
 2
 Blake contends that the district court had no authority to impose a special parole term for his conviction in 1985 of possession of heroin with intent to distribute (21 U.S.C. Sec. 841(a)(1)). Count Two of the indictment charged Blake with committing this offense from 1979 until early 1985; it did not specify particular dates on which the offense occurred. On October 12, 1984, the penalty provisions of Sec. 841 were amended. A new Sec. 841(b)(1)(A) was inserted which contained the penalties for offenses involving more than 100 grams of heroin and did not include a special parole term. See Comprehensive Crime Control Act of 1984, P.L. 98-473, Sec. 502, 98 Stat. 2068 (1984); 21 U.S.C. Sec. 841(b)(1)(A) (1982 and Supp. III 1985). In Sec. 841(b)(1)(B)--(the old Sec. 841(b)(1)(A)), which governed the penalties for smaller amounts--the special parole term was retained. Subsequent revisions which removed the special parole term from Sec. 841(b)(1)(B) did not take effect until November 1, 1987, long after the date of Blake's offense and sentencing.
 
 
 3
 Blake was sentenced under the version of Sec. 841(b)(1)(A) which was in effect before the 1984 amendment became law. His sentence is proper under this version of the law. Because a portion of Blake's offense was committed after October 12, 1984, he could probably have been sentenced under Sec. 841(b)(1)(B) as amended in 1984. See United States v. Calabrese, 825 F.2d 1342 (9th Cir.1987); United States v. Gibbs, 813 F.2d 596 (3d Cir.), cert. denied, 56 U.S.L.W. 3243 (U.S. Oct. 5, 1987) (No. 86-1890). The sentence he received would have been proper under Sec. 841(b)(1)(B) as amended unless Blake's offense involved more than 100 grams of heroin, in which case Sec. 841(b)(1)(A) would apply.*
 
 
 4
 However, Blake could not properly be sentenced under Sec. 841(b)(1)(A) of the amended statute, even though the indictment charges him in Count Two under Sec. 841(b)(1)(A), because as amended it only applies where the offense charged involves more than 100 grams of heroin, and Blake's indictment did not charge possession of any particular amount of heroin. See United States v. Alvarez, 735 F.2d 461 (11th Cir.1984) (where indictment did not specify amount of marijuana involved, sentence could not be imposed under Sec. 841(b)(6) which specifies offense involving 1,000 lbs. of marijuana; sentence for lesser offense under Sec. 841(b)(1)(B) was proper). The sentence imposed would have been proper under Sec. 841(b)(1)(B) as amended by the 1984 Act, which governs smaller amounts and which provides for a special parole term.
 
 
 5
 We therefore affirm the order of the district court denying Blake's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986), which Blake cites, does state that Sec. 841(b)(1)(B) does not authorize a special parole term, but the statement is contradicted by the plain language of the statute in effect at the time, and the reference to Sec. 841(b)(1)(B) may be inadvertent or a typographical error, as the defendant in that case was sentenced under Sec. 841(b)(1)(A)