**UNITED STATES of America**

v.

**Kennedy Elliott BARKLEY.**

**No. C–CR–86–101–05.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 22, 1990.

Wayne Eades, for plaintiff.

Max O. Cogburn, Asst. U.S. Atty., Asheville, N.C., for respondent.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion, filed January 2, 1990, to Correct an Illegal Sentence Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

Presently, there are two Rule 35s applicable to reduction of sentences. The current Rule 35 applies to offenses that occurred after November 1, 1987, while the former Rule 35 applies to those offenses that occurred prior to November 1, 1987. In this case, the offenses for which Defendant asserts the sentence was illegal occurred on November 17, 1986. Hence, the former Rule 35 is applicable.

The former Rule 35(a) provides that the Court may correct an illegal sentence at anytime. Defendant claims that the special parole terms imposed for violation of 21 U.S.C. § 841(a)(1) are illegal. Therefore, the Court believes that it has jurisdiction to consider this matter.

In support of his Motion, Defendant claims that the special parole terms the Court imposed for violations of 21 U.S.C. § 841(a)(1) were illegal because the special parole term was omitted by Congress. Defendant cites the case of *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986). In that case, a defendant was convicted and sentenced for distributing 3½ kilograms of heroin. Therefore, the defendant was sentenced under 21 U.S.C. § 841(b)(1)(A). That provision provides that the sentence for distributing more

than 100 grams of heroin or one kilogram of cocaine shall be no more than twenty years. Although the other sentencing provisions of 21 U.S.C. § 841 provide for a term of special parole, § 841(b)(1)(A) has no such provision. Therefore, the statute unexplainably provides for a special parole term for less serious offenses while excluding such a provision for the most serious violations of the statute.

A brief discussion of the legislative history of the statute is necessary in order to understand if the special parole term is applicable in this case. Prior to October 12, 1984, § 841(b)(1)(A) required a special parole term of at least three years be imposed upon a sentence. 21 U.S.C.A. § 841(b)(1)(A) (West 1981). The Comprehensive Crime Control Act of 1984 was enacted by Congress in 1984. The new act did not provide for the imposition of a special parole term for violations of 21 U.S.C.A. § 841(b)(1)(A) (West 1985). The Act became effective on October 12, 1984. Section 841 was once again amended by passage of the Anti–Drug Abuse Act of 1986 which became effective November 1, 1987. 21 U.S.C.A. § 841 (West 1988). That Act eliminated special parole terms altogether and substituted supervised release terms.

Therefore, the ultimate effect of the various amendments to § 841 was to eliminate special parole terms for violations of § 841(b)(1)(A) when the offense occurred between October 12, 1984 and November 1, 1987. *See generally United States v. Ward,* 696 F.Supp. 247 (W.D. Tex.1988) (providing excellent summary of § 841 legislative history); *but see United States v. Easton,* 688 F.Supp. 1413, 1415 (N.D.Cal. 1988) (concluding that special parole term required for violations of § 841(b)(1)(A) if offense occurred *anytime* prior to November 1, 1987).

The court in *Phungphiphadhana* relied on a United States Supreme Court case that held a special parole term could not be imposed for violations of 21 U.S.C. § 846. *See Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Because § 846 did not provide for a special parole term, the Supreme Court reasoned

that such a term could not be inferred. Although the defendant in *Phungphiphadhana* was not convicted of violating § 846, the court found that the same reasoning would preclude reading into § 841(b)(1)(A) a special parole term. *See Phungphiphadhana,* 640 F.Supp. at 88; *see also United States v. Hawkins,* 788 F.2d 200, 204 (4th Cir.1986) (holding that special parole term not authorized for violation of § 846), *cert. denied,* 479 U.S. 850, 107 S.Ct. 176, 93 L.Ed.2d 112 (1987).

In following the rationale of the court in *Bifulco,* other courts have found that a special parole term is not authorized under § 841(b)(1)(A). *See United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986); *United States v. Mowery,* 703 F.Supp. 940, 941 (M.D.Ga.1989); *Ward,* 696 F.Supp. at 249; *accord United States v. McDaniel,* 844 F.2d 535, 537 (8th Cir.1988) (noting that special parole term of § 841(b)(1)(A) mandatory); *United States v. De Los Reyes,* 842 F.2d 755, 758 (5th Cir.1988); *United States v. Sanchez,* 687 F.Supp. 1254, 1257 (N.D.Ill.1988). Therefore, there appears to be a wide-range of support for Defendant's contention that a special parole term cannot be imposed for violations of § 841(b)(1)(A).

Frankly, the Court does not understand how Congress could have possibly intended those sentenced for more serious offenses to escape the special parole term. It appears that the special parole term for § 841(b)(1)(A) was inadvertently left out of the statute. The Court agrees with the Northern District of Illinois' assessment.

Congress itself committed an obvious boner in the statute ... what seems to have happened is that the people who drew up the statute slipped a cog.

*See Sanchez,* 687 F.Supp. at 1255–56.

Regardless of whether Congress "slipped a cog," the Court believes correct statutory construction precludes the Court from inferring a term that is not present. Therefore, the Court agrees with the multifarious other courts holdings that § 841(b)(1)(A) does not authorize a special parole term for offenses that occurred be-

tween October 12, 1984 and November 1, 1987.

In this case, Defendant was convicted of distributing one kilogram of cocaine. Thus, the applicable sentencing provision was § 841(b)(1)(A). The offenses occurred in November 1986. The statute in effect at that time did not provide for a special parole term for § 841(b)(1)(A) offenses. Accordingly, the Court believes that Defendant's Motion is meritorious.

NOW, THEREFORE, IT IS ORDERED that Defendant's Rule 35(a) Motion to Correct an Illegal Sentence be, and hereby is, GRANTED. The three-year special parole term imposed for merged Counts Three and Four is STRICKEN. All other portions of the sentence are not disturbed.

IT IS FURTHER ORDERED that the Clerk AMEND the Judgment and Commitment Order in accordance with this Order.