914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Rainford COLE Defendant-Appellant.
 No. 89-1362.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant-Appellant Rainford Cole, who was sentenced to four years imprisonment to be followed by a three year special parole term pursuant to the Comprehensive Crime Control Act of 1984 (CCCA), 21 U.S.C. Sec. 841(b)(1)(B),[1] appeals the district court's sentencing determination. Appellant contends that instead of being sentenced under section 841(b)(1)(B), which provides for a three year special parole term, he should have been sentenced pursuant to the Anti-Drug Abuse Act of 1986 (ADAA), 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II),[2] which although providing for a term of supervised release, does not authorize a special parole term. Finding no merit in Appellant's contention, we affirm the district court's sentence.
 
 I.
 
 2
 Appellant was arrested at Detroit Metropolitan Airport on May 20, 1986, and subsequently indicted by a federal grand jury on one count of possession with intent to distribute 782 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Thereafter, on August 7, 1987, Appellant entered a guilty plea, and on April 21, 1988, Appellant was sentenced to four years imprisonment to be followed by a three year special parole term pursuant to the CCCA, 21 U.S.C. Sec. 841(b)(1)(B).
 
 
 3
 On February 22, 1989, Appellant filed a motion to correct an illegal sentence claiming that his sentence to a special parole term rather than to a term of supervised release violated the ADAA, 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II). In response to Appellant's contention that he should have been sentenced pursuant to the ADAA, section 841(b)(1)(B)(ii)(II), which authorized a term of supervised release but not a special parole term, the government argued that the ADAA, section 841(b)(1)(B)(ii)(II), was not applicable to Appellant's sentence because the statutory amendment's effective date was October 27, 1986. Appellant, however, was arrested on May 20, 1986, prior to the effective date of the 1986 amendment. Thus, the government maintained that Appellant was properly sentenced pursuant to the CCCA, section 841(b)(1)(B), which provided for a special parole term.
 
 
 4
 On March 20, 1989, the district court denied Appellant's motion to correct an illegal sentence. Appellant's timely appeal ensued.
 
 II.
 
 5
 Appellant maintains that instead of being sentenced under the CCCA, section 841(b)(1)(B), which provides for a special parole term, he should have been sentenced pursuant to the ADAA of 1986, 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II), which authorizes a term of supervised release but does not provide for a term of special parole.
 
 
 6
 Appellant bases this argument on his contention that his sentencing date of April 21, 1988 governs which version of section 841(b) applies. However, it is the date of the criminal offense and not the date of conviction or sentencing that controls which version of 21 U.S.C. Sec. 841 applies. See United States v. Padilla, 869 F.2d 372, 382 (8th Cir.1989) (defendant's sentencing based upon date defendant's crime occurred); United States v. De Los Reyes, 842 F.2d 755, 758 (5th Cir.1988) (validity of imposition of supervised release based upon date defendant committed his offense); United States v. Posner, 865 F.2d 654, 660 (5th Cir.1989) (case remanded "for imposition of a special parole term under the provision of section 841(b)(1)(B), which was in effect at the time the offense occurred."); United States v. Meyers, 847 F.2d 1408, 1410 (9th Cir.1988) (applicable statute based upon date of underlying offense).
 
 
 7
 Since the effective date of the ADAA of 1986 was October 27, Appellant's arrest for criminal conduct on May 20, 1986, prior to the effective date of 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II), required that the 1984 version of 21 U.S.C. Sec. 841(b)(1)(B) be applied as in fact was done by the district court in determining Appellant's sentence.
 
 III.
 
 8
 Appellant further contends that even under section 841(b)(1)(B), a special parole term is not authorized for certain offenses. However, while Appellant cites numerous cases for the proposition that 21 U.S.C. Sec. 841(b)(1)(B) does not authorize a special parole term for offenses involving more than one kilogram of cocaine, Ramos v. United States, 697 F.Supp. 1505 (D.Minn.1988); United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986), a contention not disputed by the government, the law is clear that a special parole term is mandatory for offenses involving less than one kilogram of a narcotic drug. See United States v. Santamaria, 788 F.2d 824 (1st Cir.1986). ("Under the new [1984] provisions, however, the special parole term, while mandatory for offenses involving less than one kilogram of a narcotic drug, is not authorized for an offense that involves one kilogram or more of a narcotic drug--an offense for which Santamaria was convicted.") Id. at 829. Since Appellant's offense involved 782 grams of cocaine, we find that Appellant's sentence was appropriate pursuant to 21 U.S.C. Sec. 841(b)(1)(B).
 
 IV.
 
 9
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Comprehensive Crime Control Act of 1984, 21 U.S.C. Sec. 841(b)(1)(B), provides in relevant part:
 (b) Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
 (1) In the case of a controlled substance in Schedule I or II.... Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least 3 years in addition to such term of imprisonment....
 
 
 [2]
 The Anti-Drug Abuse Act of 1986, 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II), provides in relevant part:
 (B) In the case of a violation of subsection (a) of this section involving--
 (ii) 500 grams or more of a mixture or substance containing a detectable amount of--
 (II) cocaine....
 such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years.... Any sentence imposed under this subparagraph shall ... include a term of supervised release of at least 4 years in addition to such term of imprisonment....