914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Lynn GUION, Defendant-Appellant.
 No. 89-6407.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1990.
Decided Sept. 12, 1990.
As Amended Oct. 25, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, Chief District Judge. (CR-82-22)
 Rodney Lynn Guion, appellant pro se.
 Debra Jo Stuart, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 REVERSED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rodney Lynn Guion appeals from the district court's order denying his Fed.R.Crim.P. 35(a) motion for correction of sentence. On October 30, 1982, Guion was convicted of seven counts involving his participation in a conspiracy to import marijuana into the United States. He was sentenced to a total of twenty-six years imprisonment and a special parole term of four years. Guion claims in his Rule 35(a) motion that his four-year special parole term was not authorized by statute.
 
 
 2
 Two of these four years were imposed under Count 4, which charged Guion with illegally importing marijuana into the United States, in violation of 21 U.S.C. Sec. 952(A). The penalty provision for violations of 21 U.S.C. Sec. 952 is found under 21 U.S.C. Sec. 960(b)(2), which specifically states that sentence shall include a special parole term of not less than two years. On appeal, Guion does not challenge the court's ruling on this portion of his special parole term.
 
 
 3
 The second term of two years was imposed under Count 2, which charged Guion with distributing and possession with intent to distribute over 1,000 pounds of marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). The penalty provisions for violations of Sec. 841(a) provided, in relevant part, as follows:
 
 
 4
 (b)(1)(B) In the case of a controlled substance in schedule I or II which is not a narcotic drug or in the case of any controlled substance in schedule III, such person shall, except as provided in paragraphs (4), (5), and (6) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 10 years, a fine of not more than $30,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 4 years in addition to such term of imprisonment.
 
 Paragraph (6) provided as follows:
 
 5
 (b)(6) In the case of a violation of subsection (a) of this section involving a quantity of marihuana exceeding 1,000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and in addition, may be fined not more than $125,000. If any person commits such a violation after one or more prior convictions of such person for an offense punishable under paragraph (1) of this paragraph, or for a felony under any other provision of this subchapter, subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, and in addition, may be fined not more than $250,000.*
 
 
 6
 21 U.S.C. Sec. 841(b)(1)(B) and (b)(6) (emphasis added).
 
 
 7
 Guion contends that his two-year special parole term imposed under Sec. 841(b)(6) is illegal because it was not statutorily authorized. He cites United States v. Meros, 866 F.2d 1304 (11th Cir.), cert. denied, 58 U.S.L.W. 3288 (U.S. Oct. 30, 1989) (No. 89-39), which holds that special parole terms are not authorized under Sec. 841(b)(6) and may not be imposed.
 
 
 8
 The district court rejected what it termed the "cursory conclusions" of the Eleventh Circuit in Meros. The court expressed its belief that "Sec. 841(b)(6) is not a complete congressional statement on the appropriate penalty for those convicted of distributing large amounts of marijuana. Section 841(b)(6) needs to be read in connection with Sec. 841(b)(1)(B)--the provision it seeks to enhance. The court concludes that Sec. 841(b)(6) enhances the imprisonment and fine conditions of Sec. 841(b)(1)(B) without eliminating the special parole term." The court contended that Congress could not have intended that small scale drug offenders would be sentenced to special parole terms whereas large scale distributors would not. Notwithstanding this apparent anomaly in these penalty provisions, we find that well established rules of statutory construction of criminal statutes and case law applying these rules do not support the court's conclusions.
 
 
 9
 In interpreting a federal criminal statute, the rule of lenity requires that a court not "increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Bifulco v. United States, 447 U.S. 381 (1980) (quoting Ladner v. United States, 358 U.S. 169, 178 (1958)). Other courts have applied the reasoning of Bifulco to other statutes to find that special parole terms may not be imposed if they are not specifically authorized in the statute. See, e.g., United States v. Anderson, 652 F.2d 10 (9th Cir.1980) (application of Bifulco holding to 21 U.S.C. Sec. 963 to bar imposition of special parole appropriate since wording of statute is identical to that in Sec. 846); United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986) (although a different statute than Sec. 846 in Bifulco, lack of specific authorization to impose special parole under 21 U.S.C. Sec. 841(b)(1)(A) bars special parole). Other courts have noted an anomaly similar to the case at bar whereby those offenses under Sec. 841(a) involving less than one kilogram of cocaine entailed a special parole term, whereas those involving greater than one kilogram did not. Despite this apparent anomaly, these courts did not infer that Congress must have intended to impose special parole for the more serious offenses also. See, e.g., United States v. Robles-Pantoja, 887 F.2d 1250, 1259 (5th Cir.1989); United States v. McDaniel, 844 F.2d 535, 536 (8th Cir.1988); United States v. Barkley, 729 F.Supp. 37 (W.D.N.C.1990); United States v. Munera, 715 F.Supp. 612 (S.D.N.Y.1989); United States v. Ward, 696 F.Supp. 247 (W.D.Tex.1988).
 
 
 10
 The district court's belief that Congress could not have intended to punish small time offenders more harshly than more serious offenders is not a basis for ignoring the plain meaning of the language in Sec. 841(b). Meros, 866 F.2d at 1304; see also Bifulco, 447 U.S. at 381. Section 841(b)(1)(B) provides for imprisonment, a fine, and a special parole term for violations of Sec. 841(a), "except as provided in paragraphs (4), (5) and (6)." Paragraph six provides for enhanced punishment and fines for violations of Sec. 841(a) involving over 1,000 pounds of marijuana. Paragraph six also provides for enhanced punishment for those with prior convictions, just as Sec. 841(b)(1)(B) provides, but there is no parallel provision for special parole for those who do not have prior convictions. Even if this was an oversight, doubts must be resolved in accordance with the rule of lenity. See Bifulco, 447 U.S. at 400.
 
 
 11
 We therefore reverse the district court's ruling on the special parole term imposed pursuant to Sec. 841(b)(6) and, pursuant to our authority under 28 U.S.C. Sec. 2106, modify Guion's sentence to reflect that the two-year parole term imposed under Sec. 841(b)(6) has been stricken. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 REVERSED.
 
 
 
 *
 Section 841(b)(6) was repealed in 1984. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Sec. 502(5), 98 Stat. 2069. Therefore, our construction of this statute in this case has no bearing on the current statutory penalty scheme