**UNITED STATES of America, Plaintiff,**

v.

**Joseph PILLO, Defendant.**

**Crim. No. 81–0056–03.**

United States District Court, E.D. Pennsylvania.

April 26, 1993.

As Amended May 3, 1993.

N. Harbist, Asst. U.S. Atty., for U.S.

Mario J. D'Alfonso, Pennsauken, NJ, for defendant.

### MEMORANDUM

ROBRENO, District Judge.

Defendant Joseph Pillo moves to correct an allegedly illegal sentence imposed upon him by a Judge of this Court on February 16, 1982. For the reasons stated below, defendant's motion will be denied.

### I. FACTS

On July 10, 1982 defendant was found guilty of one count of conspiracy to manufacture and possess with intent to distribute methamphetamine (Count 1) and two counts of possession with intent to distribute methamphetamine (Counts 2 and 3), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), respectively. On February 16, 1982, the Honorable John B. Hannum sentenced defendant to four years imprisonment followed by four years of special parole as to Count 2, three years imprisonment followed by four years of special parole as to Count 3, and five years of probation as to Count 1 to run consecutively upon completion of the sentence as to Counts 2 and 3. The terms of imprisonment were to run consecutively while the special parole terms were to run concurrently.

### II. DISCUSSION

Defendant contends the special parole term of four years imposed by Judge Han-

num is illegal because at the time of the sentencing the Court was not authorized to impose a special parole term for a conviction under 21 U.S.C. § 841(a)(1). Defendant moves to correct his sentence pursuant to Fed.R.Crim.P. 35(a).[1]

The United States Supreme Court recently surveyed the long and tortuous legislative history of 21 U.S.C. § 841(a)(1) and its sentencing counterparts, 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). *See Gozlon–Peretz v. United States*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). Codified in October of 1970 as part of the Controlled Substances Act, Pub.L. 91–513, Tit. II, § 101, Oct. 27, 1970, 84 Stat. 1242 ("the 1970 Act"), § 841(b)(1)(A) originally mandated at least three years of special parole for any conviction under § 841(a)(1) involving a schedule I or II narcotic controlled substance which resulted in a prison sentence. If a conviction under § 841(a)(1) involved a schedule I or II non-narcotic controlled substance and a term of incarceration was imposed, at least two years of special parole was required. 21 U.S.C. § 841(b)(1)(B). Subsequent amendments to the 1970 Act in 1974, 1978, and 1979 affected various aspects of the Act but left intact the special parole mandate under both sentencing provisions. *Gozlon–Peretz*, 498 U.S. at 399–400, 111 S.Ct. at 844. This was the state of the law at the time the defendant committed the crime for which Judge Hannum sentenced him.

▮▮▮ For sentencing purposes, the district court is to apply the penalties authorized under the law at the conclusion of the offense in question. 1 U.S.C. § 109; *United States v. Goldberger*, 197 F.2d 330, 331 (3d Cir.), *cert. denied*, 344 U.S. 833, 73 S.Ct. 40, 97 L.Ed. 648 (1952). The 1981 crime for which defendant was sentenced involved methamphetamine, a schedule II[2] non-narcotic. *United States v. Bermes*, 1993 WL 120297, 1993 U.S.Dist. LEXIS 5037 (E.D.Pa.). At the time defendant committed the crime for which he was sentenced, 21 U.S.C. § 841(b)(1)(B) not only permitted, but *required* the imposition of a minimum two year term of special parole following incarceration for a violation of 21 U.S.C. § 841(a)(1) involving a non-narcotic, schedule II controlled substance. *Gozlon–Peretz,* 498 U.S. at 399–402, 111 S.Ct. at 844–845. Moreover, it was within Judge Hannum's discretion to levy a special parole term in excess of the minimum mandated by Congress. *United States v. Walden,* 578 F.2d 966 (3d Cir.), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1978). Therefore, defendant's argument that the court was not authorized to impose a term of special parole is without merit.

Defendant's reliance on *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev. 1986) is misplaced. In that case, the district court held that the imposition of special parole for a violation of 21 U.S.C. § 841(a)(1) was not authorized under 21 U.S.C. § 841(b)(1)(A). *Phungphiphadhana* is distinguishable in that the defendant in that case was convicted and sentenced for distrib-

---

1. Offenses committed prior to November 1, 1987 are governed by the former version of Rule 35, which provided that:
   (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
   (b) Reduction of Sentence. A motion to reduce a sentence may be made or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to grant of probation shall constitute a permissible reduction of sentence under the subdivision.
   Rule 35, Fed.R.Crim.P. (1982). This provision was changed by amendment in 1986. Pub.L. 98–473, Title II, § 215(b), 98 Stat. 2015. *United States v. Pivorotto,* 986 F.2d 669, 675 (3d Cir. 1993).

2. The 1970 Act originally classified methamphetamine as a schedule III controlled substance. In 1974, acting under the authority of the Attorney General pursuant to 21 U.S.C. § 811(a), the Drug Enforcement Agency reclassified methamphetamine as a schedule II controlled substance. See 21 C.F.R. § 1308.12(d), effective June 20, 1974.

uting 3,500 grams of heroin, a *schedule II narcotic,* not a schedule II non-narcotic as in this case. 21 U.S.C. § 802(16). As a result, in *Phungphiphadhana* the defendant was sentenced in accordance with § 841(b)(1)(A), which at the time did not provided for a term of special parole,[3] not § 841(b)(1)(B), which did.

Defendant's reliance on *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), is also misplaced. In *Bifulco,* the Supreme Court held that special parole term could not be imposed upon a defendant who was convicted of conspiracy to manufacture or distribute a controlled substance in violation of 21 U.S.C. § 846. *Id.* at 398, 100 S.Ct. at 2257–58. The case *sub judice,* however, involves a sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(B) and not 21 U.S.C. § 846 as in *Bifulco.*

### III. CONCLUSION

For the reasons set forth above, I conclude that the sentencing judge did not impose an illegal sentence when he imposed upon defendant a term of four years special parole.

### ORDER

AND NOW, to wit, this 26th day of April, 1993, upon consideration of defendant's motion to correct an illegal sentence (Document No. 33) and the government's answer, it is hereby ORDERED that defendant's motion is DENIED.

---

**3.** In October of 1984, as part Comprehensive Crime and Control Act of 1984, Pub.L. 98–473, Tit. II, ch. V, 98 Stat. 1976, Congress substantially amended the 1970 Act's sentencing provisions with the Controlled Substances Penalties Amendments Act, Pub.L. 98–473, Tit. II, ch. V, 98 Stat. 2068 ("the CSPAA"). The CSPAA, effective October 12, 1984, created a new class of higher sentences for greater weights of drugs for those convicted under § 841(a)(1). The CSPAA eliminated special parole as a sentencing provision for those convicted of violating § 841(a)(1) after October 12, 1984 when large quantities of schedule I and II narcotic substances were involved. 21 U.S.C. § 841(b)(1)(A); *Gozlon–Peretz,* 498 U.S. at 399–400, 111 S.Ct. at 844; *United States v. Giraldo–Avendano,* 910 F.2d 80, 81 (3d Cir.1990).