15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph VEGA-GOMEZ, Defendant-Appellant.
 No. 93-55963.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Vega-Gomez, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Vega-Gomez was convicted of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1) & 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review the district court's denial of a section 2255 motion de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). Sentencing within statutory guidelines is left to the sound discretion of the trial court, and will be reviewed only for an abuse of discretion. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988); Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986).
 
 
 4
 Vega-Gomez was sentenced to five years on the conspiracy count, two years on the substantive count, and a ten-year special parole term on each count. In 1981, the district court vacated the special parole term on the conspiracy count, as required by Bifulco v. United States, 447 U.S. 381, 400-01 (1979) (no special parole term may be imposed for conspiracy offenses under 21 U.S.C. Sec. 846 because the statute does not mandate such a sentence). Vega-Gomez argues that the reasoning of Bifulco requires this Court to vacate the special parole term imposed for his violation of 21 U.S.C. Sec. 841(a)(1) as well.
 
 
 5
 However, in Bifulco, the Court held that a special parole term could not be imposed for violations of 21 U.S.C. Sec. 846 because that statute explicitly limited the punishment for conspiracy to imprisonment and/or a fine. Id. at 390. There was no such limitation in the language of 21 U.S.C. Sec. 841(a)(1) when Veg-Gomez was sentenced; in fact, 21 U.S.C. Sec. 841(b)(1)(A) mandated a special parole term for violations of section 841(a)(1). See id. at 383 (special parole term mandatory for some violations of section 841(a)(1)); United States v. Garcia, 877 F.2d 23, 24 (9th Cir.1989) (defendant properly sentenced to special parole term for violations of section 841(a)(1)); United States v. Connolly, 618 F.2d 553, 555-56 (9th Cir.1980) (district court has no discretion not to impose a special parole term for violations of section 841(a)(1)).[1]
 
 
 6
 Because the sentence imposed is thus within the statutorily allowed limits for the substantive offense Vega-Gomez committed, the district court did not abuse its discretion in sentencing Vega-Gomez to a special parole term of ten years. See Yarbrough, 852 F.2d at 1545; Jones, 783 F.2d at 1479. Accordingly, we affirm the district court's denial of his section 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vega-Gomez cites the district court case of United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986) in support of his argument. That case does appear to hold that Bifulco prohibits the imposition of a special parole term for violations of section 841(a)(1). See id. at 88-89. However, this Court is not bound by decisions of the district court. Furthermore, Phungphiphadhana appears to be something of an aberration. See, e.g., United States v. Easton, 688 F.Supp. 1413, 1415 (N.D.Cal.1988) (special parole term is mandated for violation of section 841(a)(1))