**UNITED STATES of America, Plaintiff,**

v.

**Frank SANCHEZ, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**Adalberto SANCHEZ, Defendant.**

**Nos. 88 C 5268, 88 C 5269.**

United States District Court,
N.D. Illinois, E.D.

June 21, 1988.

Frank Sanchez, pro se.

Adalberto Sanchez, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Each of Frank Sanchez ("Frank") and Adalberto Sanchez ("Adalberto") has just filed a motion under 28 U.S.C. § 2255 ("Section 2255") to correct his sentence as pronounced by this Court July 23, 1987 in Case No. 86 CR 674. Each movant seeks to eliminate the ten-year special parole term imposed against him under Count Four of the criminal indictment.

Because the two separately-filed motions are identical in form and in substance, this memorandum opinion and order deals with them simultaneously. For the reasons stated here, each Section 2255 motion is dismissed summarily in accordance with Rule 4(b) of the Rules Governing Proceedings in the United States District Courts under Section 2255.

*Facts*

Both Frank and Adalberto withdrew their original not guilty pleas in the criminal case by entering into plea agreements (Frank on May 21, 1987, Adalberto on June 5, 1987), providing for each of them to plead guilty to Counts One and Four. Though of course a mistaken plea agreement could not adversely affect a defendant's rights by causing him to consent to a sentence more severe than the law would allow, Paragraph 6 of each plea agreement said this about the allowable sentence under Count Four:

6. Defendant understands the counts to which he will plead guilty carry the following penalties:

\* \* \* \* \* \*

(b) Count Four carries a maximum penalty of fifteen years imprisonment and a maximum fine of $125,000.

(c) Defendant understands that Count Four also carries a special mandatory parole term of at least three years and up to any number of years, including life, which the court may specify.

Paragraph 14 of each plea agreement also had this to say on the subject of this Court's discretion as to sentencing:

14. It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties as set forth in paragraph six above.

Both Counts One and Four related to a September 21, 1986 transaction involving the knowing and intentional possession of, with the intent to distribute, 168.22 grams of a mixture containing cocaine. Count One was a conspiracy charge under 21 U.S.C. § 846,[1] asserting that Frank and Adalberto had conspired to commit that offense. Count Four, brought under Section 841(a)(1), charged that each of Frank and Adalberto had actually committed the substantive offense described at the beginning of this paragraph.

After a careful and detailed explanation to each defendant of all consequences of the guilty plea proposed by that defendant and his counsel under the plea agreement they had reached with the government, this Court accepted the pleas on the same dates as the respective plea agreements. Then on July 23, 1987 this Court sentenced both Frank and Adalberto, in each case including a ten-year special parole term following the custody term imposed under Count Four.

*Section 841(b)*

Both Frank and Adalberto, obviously with the assistance of some jailhouse lawyering,[2] challenge the special parole term as unauthorized under the reasoning of *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986). That case correctly extended the analysis in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) by holding that part of Section 841(b) lacked any provision for a special parole term and therefore could not be read as implying any judicial authority to impose such a sentence.

But Frank and Adalberto are mistaken about their own situations—a pardonable mistake, given the fact that Congress itself committed an obvious boner in the statute

1. All further citations to Title 21 provisions will simply take the form "Section—." Because the substantive sections involved are so different numerically from Section 2255 (which is part of Title 28), that usage should not be the source of any confusion.

2. This should not be misread as carrying any overtones of criticism. On the contrary, on occasion this Court has received filings from persons in custody—prepared either pro se or aided by fellow prisoners—that would do credit to any member of the bar with substantial criminal law experience. In this case, though, Frank and Adalberto have obviously attached pleadings from an entirely different case. Page 2 of the identical typewritten insert to each motion refers to a "third superseding indictment ... filed on March 22, 1985 ... charg[ing] defendant in Count Two with possession with intent to distribute ... approximately one kilogram of cocaine...." That is clearly not Frank's and Adalberto's situation, and they have simply lifted the papers from some other case without changing the factual statement at all. Most significantly, as the text of this opinion will explain, the difference in the size of the charged cocaine transaction between that other case and Sanchez' case is critical to the decision here.

dealt with in *Phungphiphadhana* and at issue in this case. Because the matter is so technical, this opinion must spell out just why Frank and Adalberto are wrong and why this Court's special parole term sentence was rightly imposed.

When Frank and Adalberto committed the crimes charged in Count Four (on September 19, 1986), the law in effect was Title 21 as then most recently amended by the Comprehensive Crime Control Act of 1984 (Pub.L. No. 98–473, the "Act").[3] Before the Act became part of the statutory structure, the type of substantive offense engaged in by Frank and Adalberto—a violation of Section 841(a)(1)—unquestionably carried a mandatory special parole term with any custody sentence. But the Act made several relevant changes:

1. Effective immediately with its passage, cocaine-related offenses were divided into two categories for punishment purposes:[4]

(a) Former Section 841(b)(1)(A), which had previously covered cocaine and other Schedule II controlled substances (among other narcotic drugs) and had provided for a special parole term in conjunction with every sentence imposing a term of imprisonment on charges involving cocaine, was changed so that the only cocaine transactions it now covered were those involving less than a kilogram. That changed provision was relabeled Section 841(b)(1)(B) to allow for the insertion of a new Section 841(b)(1)(A), described in the next subparagraph of this opinion.

(b) New Section 841(b)(1)(A), which was made applicable to larger-scale Schedule II narcotics transactions (including cocaine transactions of a kilo-

gram or more), provided for heavier potential prison sentences. But (no doubt because of the change described in the next numbered paragraph of this opinion) that new Section 841(b)(1)(A) was left totally silent as to any special parole term.

2. Another provision of the Act, its Section 224, called for the elimination of special parole term sentences from what had now become Section 841(b)(1)(B)[5] (as well as from some other sections of the law). But that elimination did not take effect immediately, as did the changes just discussed above. Instead the special parole term provisions were to be eliminated only at a delayed effective date (initially November 1, 1986) that was made applicable to many of the Act's provisions. Thus *until* that delayed effective date, the special parole term specifically remained part of the newly-relabeled Section 841(b)(1)(B).

What seems to have happened is that the people who drew up the statute slipped a cog. Most likely because Section 841(b)(1)(B) and a number of other sections were going to have special parole terms eliminated from their provisions in the future, no special parole term provision was put into the new Section 841(b)(1)(A) at all. Yet because of the delay in the effective date of that future elimination, at the very time that Frank and Adalberto committed their crimes the statute had the odd result that a one-kilogram or larger cocaine deal *could not* be the subject of a special parole term in addition to a term in prison, but a *smaller* deal (such as that in which Frank and Adalberto took part) *had to* include a special parole term with any sentence of imprisonment.[6]

---

**3.** On October 27, 1986 another statute (the Anti–Drug Abuse Act, Pub.L. No. 99–570) took effect, in part replacing various special parole term provisions (including the one involved here) with "supervised release" requirements. Although that statute had been enacted before Frank and Adalberto were sentenced, the Ex Post Facto Clause would prevent the new statutory provision from being applied to increase the penalties for the pre-statutory offenses.

**4.** Those changes were found in Act § 502.

**5.** Just to keep things straight, that was the newly-changed provision just described in numbered Paragraph 1(a) of the text of this opinion.

**6.** If that exclusion or inclusion of a special parole term were the only difference between Section 841(b)(1)(A) and (B), the seller of a smaller quantity of cocaine could well argue that any such statute, which created a heavier penalty for a less serious offense than for a more serious one, was invalid. But any such argument is foreclosed by the fact that under Section

As already stated, the charge against Frank and Adalberto involved less than 200 grams of cocaine. That meant the statute applicable to their offense was Section 841(b)(1)(B) rather than 841(b)(1)(A). And in turn that meant this Court's imposition of the ten-year special parole terms in conjunction with their sentences of imprisonment was entirely proper. Though this Court agrees completely with *Phungphiphadhana* as to any sentences that might be imposed under Section 841(b)(1)(A)[7]—and of course it necessarily agrees with *Bifulco*—those precedents simply do not apply here.

### Conclusion

Rule 4(b) of the Section 2255 Rules provides in part:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

That provision applies here. Each of the motions is dismissed summarily. This order of dismissal shall be entered in each of the two docketed cases, Nos. 88 C 5268 and 88 C 5269.

---

841(b)(1)(A) a larger cocaine transaction could lead to a 20–year sentence plus a $250,000 fine, while under Section 841(b)(1)(B) the smaller transaction carried a maximum 15–year sentence plus a $125,000 fine.

7. *Phungphiphadhana, id.* at 88–89 contains an obvious misprint:

> Although the defendant's conviction is not for conspiracy, the same reasoning [as in *Bifulco*] should apply to the application of 21 U.S.C. § 841(b)(1)(B). No special parole terms are mentioned as part of the punishment for violations of 21 U.S.C. § 841(a)(1). Therefore, the Court's imposition of a special

parole term of five years following his 15–year period of imprisonment was improper. Although the opinion cites to subsection (B) rather than (A) in that quoted passage, that reference is clearly wrong. In *Phungphiphadhana* the defendant's conviction involved 3½ kilograms of heroin, unquestionably an offense punishable under Section 841(b)(1)(A) and *not* (B)—and the court had specifically said so just two paragraphs earlier in the opinion (*id.* at 88). Thus the court's actual holding, as contrasted with the obvious typographical error in the quoted language, is unexceptionable and does not derogate from this opinion's analysis.