UNITED STATES of America, Plaintiff,

v.

Sandra EASTON and Carson
Cohee, Defendants.

No. CR–85–0702 JPV.

United States District Court,
N.D. California.

July 18, 1988.

---

Joel Levin, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Sandra Easton, in pro. per.

Carson Cohee, in pro. per.

MEMORANDUM OF OPINION AND ORDER DENYING MOTIONS TO CORRECT ILLEGAL SENTENCE PURSUANT TO RULE 35(a), Fed.R.Crim.P.

VUKASIN, District Judge.

## MEMORANDUM OF OPINION

The Court has before it defendants Sandra Easton's and Carson Cohee's motions to correct their allegedly illegal sentences pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. The Court has reviewed the pleadings submitted in support of and opposition to these motions and makes the following determinations.

### 1. Findings of Fact

On June 6, 1986, a Third Superseding Indictment was returned against defendants Sandra Easton and Carson Cohee and other individuals, charging them with numerous narcotics law violations and Internal Revenue crimes. Count 10 of the Third Superseding Indictment charged defendant Cohee with possessing with intent to distribute heroin on January 30, 1984. Count 24 of the indictment charged defendant Easton with possessing with intent to distribute cocaine on April 16, 1985.

On September 8, 1986, defendant Easton pled guilty to violating 18 U.S.C. § 371 (conspiracy to defraud the United States) (Count 4) and 21 U.S.C. § 841(a) (possession with intent to distribute cocaine) (Count 24). On October 17, 1986, Easton was sentenced to five years imprisonment as to Count 4, and seven years imprisonment followed by a special parole term of fifteen years as to Count 24. The sentence imposed as to Count 24 was to run concurrently with the sentence imposed as to Count 4.

Also on September 8, 1986, defendant Cohee pled guilty to violating 21 U.S.C. § 846 (conspiracy to distribute heroin and cocaine) (Count 1), 18 U.S.C. § 371 (conspiracy to defraud the United States) (Count 4), and 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (possession with intent to distribute heroin) (Count 10). On October 17, 1985, Cohee was sentenced to imprisonment for a period of fifteen years as to Count 1, five years imprisonment as to Count 4, and fifteen years imprisonment followed by a special parole term of ten years as to Count 10. The sentence imposed as to Counts 4 and 10 were to run concurrently with the sentence imposed as to Count 1.

### 2. Conclusions of Law

Both defendants argue that their sentences are illegal because 21 U.S.C. § 841(b), which provides the penalties for violating 21 U.S.C. § 841(a), does not permit a special parole term. Defendants cite the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, § 224, which amended the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* Public Law 98–473, among other things, increased the mandatory sentences under § 841(b) and substituted a period of "supervised release" following incarceration in place of the prior requirement of a

period of special parole. Defendants also cite *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986), in which the court granted a Rule 35 motion to correct an illegal sentence. That court concluded that 21 U.S.C. § 841(b)(1)(A), which prescribes the penalties for violations of § 841(a)(1), permits a court to impose punishment of imprisonment or fine, or both, but does not provide for a special parole term. The provisions of Public Law 98–473 did not become effective until November 1, 1987. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 2032 (1984), *as amended* by the Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985).

It is this Court's opinion that, prior to the time Public Law 98–473 went into effect, § 841(b)(1) not only permitted, but *required* a court to impose a special parole term following incarceration on a criminal defendant convicted of violating 21 U.S.C. § 841(a). Section 841(b)(1)(A), prior to the effective date of Public Law 98–473, provided in part that:

> [a]ny sentence imposing a term of imprisonment under this paragraph *shall,* in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and *shall,* if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment (emphasis supplied).

Defendants were sentenced under the guidelines provided by § 841(b)(1) prior to the date Public Law 98–473 went into effect. Thus, it is clear the imposition of special parole terms was not illegal.

### ORDER

Accordingly, IT IS HEREBY ORDERED that defendants Sandra Easton's and Carson Cohee's motions to correct an illegal sentence pursuant to Rule 35, F.R.Crim.P., are DENIED.