UNITED STATES of America, Plaintiff,

v.

Wallis Eugene WARD, Defendant.

Crim. A. No. SA–86–CR–47.

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 30, 1988.

Mitch Weidenbach, former Asst. U.S. Atty., and Pamela Mathy, Asst. U.S. Atty., for U.S.

Wallis Eugene Ward, pro se.

## ORDER

PRADO, District Judge.

On this date came on to be considered Defendant's Motion to Correct Illegal Sentence, filed in the above-styled and numbered cause on September 19, 1988.

On March 23, 1987, former Chief Judge William S. Sessions entered his Judgment based on Defendant's guilty plea to the charge of "having unlawfully, knowingly and intentionally distributed a quantity of cocaine, a Schedule II Narcotic Drug Controlled Substance, on or about 9/07/85, in violation of 21 U.S.C. § 841(a)(1), as charged in the superseding Information filed 2/20/87." Judgment and Probation Commitment Order, Mar. 23, 1987. Defendant was sentenced to a term of imprisonment of four years, pursuant to 18 U.S. C. § 4205(a), to be followed by a special parole term of six years, pursuant to 21 U.S.C. § 841(b)(1)(A). *Id.*

Defendant subsequently filed his Motion to Correct Illegal Sentence, made pursuant to Federal Rule of Criminal Procedure 35(a) which provides that, for offenses committed prior to November 1, 1987, "The court may correct an illegal sentence at any time...." Defendant claims that the portion of his sentence requiring him to serve a special parole term is illegal. In support of his argument, Defendant cites *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986).

In order to rule on Defendant's motion, it is necessary to review the history of the statute under which Defendant was sentenced to a special parole term. Prior to October 12, 1984, § 841(b)(1)(A) provided that, should any sentence of imprisonment be imposed under its provisions, a special parole term of at least three years was required to be imposed. 21 U.S.C.A. § 841(b)(1)(A) (West 1981). In 1984, Congress enacted the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.Code Cong. & Admin.News p. 3182 (98 Stat.) 1837 [hereinafter 1984 Act]. The 1984 Act deleted those sentences in § 841(b) referring to the imposition of special parole terms, redesignated "old" § 841(b)(1)(A) and (B) as "new" § 841(b)(1)(B) and (C) respectively, and enacted "new" § 841(b)(1)(A). 1984 Act, §§ 224(a), 502(1)(A), 98 Stat. at 2030, 2068. New § 841(b)(1)(A) did not provide for the imposition of a special parole term. 1984 Act, § 502(1)(A), 98 Stat. at 2068. The

striking out of the special parole term provisions was initially to take effect on November 1, 1986, the effective date of the Sentencing Reform Act of 1984. 1984 Act, § 235(a)(1), 98 Stat. at 2031. This date was later extended to November 1, 1987.[1] No effective date was given, however, for new § 841(b)(1)(A). It therefore became effective on the date of its enactment, October 12, 1984.

In 1986, Congress passed the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 1986 U.S.Code Cong. & Admin.News (100 Stat. 3207) [hereinafter 1986 Act], once again amending § 841(b). Under the 1986 Act, the penalties for drug offenses were substantially increased; the phrase supervised release was substituted for the phrase special parole term, as opposed to completely striking out the special parole term as the 1984 Act had done; and a mandatory term of supervised release was added for sentences imposed under § 841(b)(1)(A). 1986 Act, § 1002, 100 Stat. at 3207–3. These amendments became effective on November 1, 1987, the date that 18 U.S.C. § 3583, announcing supervised release standards, became effective. 1986 Act, § 1004(b), 100 Stat. at 3207–6.

The ultimate effect of the various amendments to § 841(b) was that from October 12, 1984, the date the 1984 Act was enacted, to November 1, 1987, the date the 1986 Act amendments became effective, there was no special parole term for sentences given pursuant to § 841(b)(1)(A).

Defendant was given a special parole term as a part of his sentence for a crime which occurred on or about September 7, 1985. He claims that, as was held in the *Phungphiphadhana* case, that portion of his sentence requiring him to serve a six year special parole term is illegal because § 841(b)(1)(A) did not provide for a special parole term on September 7, 1985. In *Phungphiphadhana*, the court held that because no special parole term was mentioned as part of the punishment for violations of § 841(a), the defendant's sentence under § 841(b)(1)(A) to a special parole term of five years was illegal.[2] *Phungphiphadhana*, 640 F.Supp. at 88–89.

The Court has found only one other case directly following the *Phungphiphadhana*, decision and holding that a special parole term under § 841(b)(1)(A) is illegal. *Urena v. United States*, Nos. 87–Civ.–2327(PKL) and S–85–Cr.–151 (S.D.N.Y. July 21, 1987) [available on WESTLAW, 1987 WL 14917]. Several cases, however, point out that *Phungphiphadhana* is correct in holding that, under appropriate circumstances, a special parole term under § 841(b)(1)(A) is illegal. *United States v. McDaniel*, 844 F.2d 535, 536 (8th Cir.1988) (special parole term prohibited under "new" § 841(b)(1)(A)); *United States v. Sanchez*, 687 F.Supp. 1254, 1256 (N.D.Ill.1988); *United States v. Ortiz*, Nos. 88–C–6194 and 87–CR–229 (N.D.Ill. Aug. 2, 1988) [available on WESTLAW, 1988 WL 82582]; *United States v. Riecken*, No. 86–CR–297–13 (N.D.Ill. Apr. 25, 1988) [available on WESTLAW, 1988 WL 82569].

As the *Sanchez* court explained:

What seems to have happened is that the people who drew up the statute slipped a cog. Most likely because Section 841(b)(1)(B) and a number of other sec-

---

**1.** The 1984 Act provided that the provisions striking the special parole term provisions contained in old § 841(b)(1)(A) and (B) were to take effect "on the first day of the first calendar month beginning twenty-four months after the date of enactment," 1984 Act, § 235(A)(1), 98 Stat. at 2031, or on November 1, 1986. This date was later extended to November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin.News (99 Stat.) 1728.

**2.** While the penultimate paragraph of *Phungphiphadhana* states that the defendant's sentence under § 841(b)(1)(B) was illegal, this is an obvious misprint. The Court had earlier in the opinion stated that the defendant was sentenced under § 841(b)(1)(A). *See United States v. De Los Reyes*, 842 F.2d 755, 758 n. 2 (5th Cir.1988) (explaining the misprint). While the *Phungphiphadhana* court was incorrect in stating that no special parole term was mentioned as part of the penalty for *any* violation of § 841(a), the court was correct that no special parole term mentioned for violations resulting in sentences pursuant to § 841(b)(1)(A). *See United States v. De Los Reyes*, 842 F.2d 755, 758 (5th Cir.1988) ("To the extent that *Phungphiphadhana* implies that special parole terms are not provided as punishment for any violations of section 841(a)(1), ... we decline to follow it for it contradicts unambiguous statutory language.").

tions were going to have special parole terms eliminated from their provisions in the future, no special parole term provision was put into the new Section 841(b)(1)(A) at all. Yet because of the delay in the effective date of that future elimination, at the very time that Frank and Adalberto [the defendants in *Sanchez* ] committed their crimes the statute had the odd result that a one-kilogram or larger cocaine deal *could not* be the subject of a special parole term in addition to a term in prison, but a *smaller* deal ... *had to* include a special parole term with any sentence of imprisonment.

*Sanchez*, 687 F.Supp. at 1256.

The Fifth Circuit's recent decision in *United States v. De Los Reyes*, 842 F.2d 755 (5th Cir.1988), does not abrogate the *Phungphiphadhana* court's decision as one court has held. *See United States v. Veloz*, No. 85–103 (E.D.La. June 22, 1988) [available on WESTLAW, 1988 WL 66955]. Rather, *De Los Reyes* makes clear that *Phungphiphadhana* does *not* apply to sentences entered pursuant to § 841(b)(1)(C). *De Los Reyes*, 842 F.2d at 758. In this case, Defendant was sentenced pursuant to § 841(b)(1)(A), not § 841(b)(1)(C) as was the defendant in *De Los Reyes.*

This Court concludes that the reasoning in *Phungphiphadhana* is correct. That portion of Defendant's sentence requiring him to serve a special parole term is illegal. The special parole term of six years shall therefore be stricken from Defendant's sentence.

Accordingly, it is hereby ORDERED that Defendant's Motion to Correct Illegal Sentence is GRANTED such that the special parole term of six years contained in the Judgment and Probation/Commitment Order filed in this case on March 23, 1987 is STRICKEN.