1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry L. GRIFFIN, Defendant-Appellant.
 No. 92-2550.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.*
Decided Aug. 11, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Henry L. Griffin appeals the district court's denial of his Rule 35(a) motion to correct an illegal sentence, allegedly imposed in violation of the Double Jeopardy Clause of the Fifth Amendment. We affirm.
 
 I. BACKGROUND
 
 2
 On August 14, 1985, Henry L. Griffin was found guilty after a jury trial of the following offenses: (1) one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 846 (Count I of the indictment); (2) one count of distributing phencyclidine ("PCP") in violation of 21 U.S.C. Sec. 841(a)(1) (Count IV); (3) one count of possessing PCP with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) (Count VII); and (4) one count of possessing piperidionocyclohexanecarbonitrile ("PCC") with intent to manufacture PCP in violation of 21 U.S.C. Sec. 841(a)(1) (Count VIII). The district court imposed four consecutive eight-year sentences (32 years imprisonment) and a special parole term of three years for these convictions. On direct appeal, a panel of this court affirmed both the convictions and the consecutive sentences. United States v. Griffin, 827 F.2d 1108 (7th Cir.), reh'g denied, (1987), and cert. denied, 485 U.S. 909 (1988).
 
 
 3
 On December 3, 1991, Griffin filed the present motion under the version of Fed.R.Crim.P. 35(a) in effect at the time he committed these offenses,[1] claiming that his convictions on Counts VII and VIII simply multiplied his convictions on Counts I and IV, in violation of the Double Jeopardy Clause. Griffin accordingly requested that his sentence be vacated and that he be resentenced on the basis of his convictions for Counts I and IV alone. The district court denied his motion on June 9, 1992. Griffin's appeal is properly before us, having been determined to be timely under Houston v. Lack, 487 U.S. 266 (1988). (N.D.Ind. Order of Sept. 2, 1992).
 
 II. ANALYSIS
 
 4
 A Rule 35(a) motion to correct an illegal sentence, like a motion under 28 U.S.C. Sec. 2255, is subject to the law of the case doctrine. United States v. Mazak, 789 F.2d 580, 581-82 (7th Cir.1986). Under this doctrine, a court is generally precluded from reexamining an issue raised in a Rule 35 motion when that issue was decided on the merits on direct appeal. Id. Griffin did not raise the issue of double jeopardy on direct appeal. See Griffin, 827 F.2d at 1108. Nor is there reason to believe that Griffin failed to bring his double jeopardy claim to the district court's attention prior to trial for "purely tactical reasons." United States v. Wilson, 962 F.2d 621, 626 (7th Cir.1992) (where defendant knew indictment was arguably defective under Double Jeopardy Clause and did not notify the district court before trial, issue was deemed waived) (citing United States v. Griffin, 765 F.2d 677, 680-82 (7th Cir.1985)). We may therefore consider the merits of his argument.[2] See Mazak, 789 F.2d at 581-82.
 
 
 5
 The Double Jeopardy Clause of the Fifth Amendment forbids successive prosecutions of a defendant for the same criminal offense. United States v. Felix, 112 S.Ct. 1377, 1382 (1992) (citing Blockburger v. United States, 284 U.S. 299 (1932)). It embodies these protections: it bars a second prosecution for the same offense after either an acquittal or a conviction, and prohibits the imposition of multiple punishments for the same offense. United States v. Dixon, No. 91-1231, 1993 U.S. LEXIS 4405, at * 18 (U.S. June 28, 1993); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); United States v. Church, 970 F.2d 401, 407 (7th Cir.1992), cert. denied, 113 S.Ct. 1009 (1993).
 
 
 6
 As a general rule, successive prosecutions involving the same act or transaction under two distinct criminal statutes are not "for the same offense" whenever a conviction under one statute requires proof of an additional fact not required by the other statute.[3] See, e.g., Church, 970 F.2d at 407 (quoting Blockburger, 284 U.S. at 304). Thus, the Supreme Court has consistently held that "a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." Felix, 112 S.Ct. at 1384. Moreover, in the case of a conviction for multiple counts of violating a single statute, where separate and distinct instances of criminal conduct prohibited by the statute are proved, the imposition of separate sentences for each instance of criminal conduct does not violate the Double Jeopardy Clause. See United States v. Briscoe, 896 F.2d 1476, 1522-23 (7th Cir.), cert. denied, 498 U.S. 863 (1990); see also United States v. Gonzalez, 933 F.2d 417, 423-24 (7th Cir.1991); United States v. Monzon, 869 F.2d 338, 347-48 (7th Cir.) (distinguishing United States v. Palafox, 764 F.2d 558 (9th Cir.1985) (en banc )), cert. denied, 490 U.S. 1075 (1989).
 
 
 7
 Agreeing with the district court that the exact contours of Griffin's argument are difficult to discern, we begin by noting that Griffin's conviction for conspiracy to possess with intent to distribute a controlled substance in violation of Sec. 846 (Count I) is not the same offense for double jeopardy purposes as the three counts of violating Sec. 841(a)(1) of which Griffin was also convicted. See Felix, 112 S.Ct. at 1384. Moreover, courts have consistently held that the imposition of separate sentences for a conspiracy conviction under Sec. 846 and for the substantive drug offenses forming the object of the conspiracy does not violate the Double Jeopardy Clause. See United States v. Johnson, 977 F.2d 1360, 1371 (10th Cir.1992) (collecting cases), cert. denied, 113 S.Ct. 1024 (1993). The remaining question is whether Counts IV, VII, and VIII are multiplicitous.
 
 
 8
 Griffin's conviction for Count IV, distributing PCP, is based on a sale of two jars of PCP to Officer Taylor, an undercover agent, which took place near a residence in Gary, Indiana on the afternoon of June 3, 1985. Griffin, 827 F.2d at 1109. His convictions for Counts VII (possession with intent to distribute PCP) and VIII (possession of PCC with intent to manufacture PCP) were based on separate containers of PCP and PCC, as well as drug manufacturing paraphernalia, that were confiscated on the evening of June 3, 1985, from adjacent areas of the same residence. Id. at 1110 & n. 1. Thus, the sale of PCP charged in Count IV involves both a separate transaction and a separate quantity of controlled substance than that charged in either Count VII or Count VIII. Where the government is required to prove an additional fact in one count (in this case, an actual sale) which it is not required to prove in the other counts, there is no multiplicity. See Gonzalez, 933 F.2d at 424; Briscoe, 896 F.2d at 1522-23. Furthermore, violations of Sec. 841(a)(1) that involve separate and distinct batches of a controlled substance, even where those batches are part of a single drug distribution enterprise, may be sentenced separately. See Briscoe, 896 F.2d at 1522-23; Johnson, 977 F.2d at 1373-74 (various "stashes" of a drug are considered separate where they were intended for different purposes or transactions); cf. Palafox, 764 F.2d at 559, 562.[4]
 
 
 9
 Similarly, it was proper for the district court to sentence Griffin separately for possession with intent to distribute PCP (Count VII) and possession of PCC with intent to manufacture PCP (Count VIII). Possession of a controlled substance, and possession of a different controlled substance for the purpose of manufacturing additional batches of the first controlled substance are separate and distinct crimes, requiring the prosecution to prove additional facts in order to obtain a conviction for each offense. Because Griffin was convicted of possessing one batch of PCP that was ready for distribution, and of possessing a separate batch of PCC with which he intended to manufacture additional PCP, the imposition of separate sentences for these two counts did not violate the Double Jeopardy Clause. See Monzon, 869 F.2d at 347-48; see also United States v. Anderson, 987 F.2d 251, 254-55 (5th Cir.1993) (defendant may receive separate convictions and sentences for manufacturing one batch of a drug and attempting to manufacture a second batch of the same drug); United States v. Housley, 907 F.2d 920, 922-23 (9th Cir.1990) (same).
 
 CONCLUSION
 
 10
 The district court's denial of Griffin's Rule 35(a) motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Because the offenses for which Griffin was sentenced occurred before November 1, 1987, the applicable version of Rule 35(a) permitted the district court to "correct an illegal sentence at any time." See, e.g., United States v. Makres, 937 F.2d 1282, 1284 n. 2 (7th Cir.1991)
 
 
 [2]
 In its brief, the United States argues that because Griffin raised a double jeopardy claim in his petition for rehearing filed subsequent to his direct appeal, the law of the case doctrine precludes reconsideration of that issue. The record before us does not conclusively establish that Griffin raised a double jeopardy claim in his petition; nor does the summary denial of a petition for rehearing ordinarily constitute a disposition on the merits of a substantive issue raised for the first time in the petition. Cf. Luckey v. Miller, 929 F.2d 618, 622 (11th Cir.1991) (denial of petition for rehearing en banc, even where dissenting opinion was issued, does not constitute disposition on the merits such as would establish law of the case)
 
 
 [3]
 One exception, not applicable here, is when one of the two offenses is a lesser included offense of the other. Felix, 112 S.Ct. at 1384 (citations omitted). In that case, the two criminal statutes are not regarded as being entirely distinct. See Brown v. Ohio, 432 U.S. 161 (1977)
 
 
 [4]
 In Palafox, the Ninth Circuit held that a single act of distribution of a sample of heroin from a single package could not support multiple sentences for distribution, and possession with intent to distribute, that same package of heroin. 764 F.2d at 559, 562. The court determined that "[t]he defendant ... should not receive multiple punishments for steps in what in fact amounted to one frustrated delivery of drugs." Id. at 563. The court did not, however, intend that this rule be applied to cases where separate quantities, transactions, or undertakings were proved. See id.; see also Monzon, 869 F.2d at 347-48