**UNITED STATES of America, Plaintiff,**

**v.**

**Henry Louis GRIFFIN, Defendant.**

**No. HCR 85–19–01.**

United States District Court,
N.D. Indiana,
Hammond Division.

June 17, 1994.

Bruce Brattain, Asst. U.S. Atty., Dyer, IN, for plaintiff.

Jerrald A. Crowell, Fort Wayne, IN, for defendant.

### ORDER

MOODY, District Judge.

The matter before the court is defendant Griffin's Rule 35(a) motion to correct an illegal sentence. Because Griffin's offenses occurred prior to November 1, 1987, the version of Rule 35(a) then in effect applies and allows the court to correct an illegal sentence at any time. *United States v. Griffin,* 1993 WL 304425, *1 n. 1 (7th Cir. Aug. 11, 1993). The facts of the underlying case are summarized in *United States v. Griffin,* 827 F.2d 1108 (7th Cir.), *reh'g denied* (1987), and *cert. denied,* 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988).

Griffin was convicted of the offense charged in Count IV[1] of the indictment against him, distribution of 3,200 milliliters of a mixture containing phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a)(1). Upon that conviction he was sentenced to a term of eight years' imprisonment followed by three years of special parole. Griffin contends that the special parole term must be vacated. Griffin argues that he was convicted of distributing more than 500 grams of PCP, meaning that the penalty for his offense, at the time it occurred, was found at 21 U.S.C. § 841(b)(1)(A). From October 12, 1984, to October 27, 1986, during which period Griffin committed his offense, subpart (A) of § 841(b)(1) did not authorize a special parole term.[2] *Gozlon–Peretz v. United States,* 498 U.S. 395, 400, 111 S.Ct. 840, 844, 112 L.Ed.2d 919, 927 (1991); *United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.1988); *United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986); *United States v. Sanchez,* 687 F.Supp. 1254 (N.D.Ill. 1988); *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986).

The government has responded opposing the relief Griffin seeks. The essence of the government's response is that Griffin has made a factual mistake regarding the quantity of PCP involved leading to a legal mistake in determining the applicable statutory penalty. The government points to undisputed

1. Griffin mistakenly refers to Count VII in his motion. It is clear he is referring to Count IV, and the government has responded in those terms.

2. In *Gozlon–Peretz* the confusing statutory history of 21 U.S.C. § 841 is thoroughly explained. 498 U.S. at 399–04, 111 S.Ct. at 844–46, 112 L.Ed.2d at 926–30. Section 224 of the Comprehensive Crime Control Act of 1984 (the "CCCA"), Pub.L. 98–473 deleted the special parole term from 21 U.S.C. § 841(b)(1)(A), but did not become effective until November 1, 1987. *United States v. Paiz,* 905 F.2d 1014, 1029–30 (7th Cir.1990). This led some courts to mistakenly find that special parole terms were required prior to November 1, 1987. *See, e.g., United States v. Easton,* 688 F.Supp. 1413 (N.D.Cal.1988). This conclusion resulted from the mistaken assumption that the effective date of all portions of Pub.L. 98–473 was November 1, 1987.

Instead, among other provisions, Chapter V of Pub.L. 98–473, the Controlled Substances Penalties Amendments Act of 1984 (the "CSPAA"), took effect on its date of enactment, October 12, 1984. *Paiz,* 905 F.2d at 1030. The CSPAA redesignated subsection (A) of 21 U.S.C. § 841(b)(1), from which the CCCA had just deleted the special parole term, so that it became subsection (B). In its place the CSPAA enacted a new subsection (A) which contained no special parole term. Pub.L. 98–473, § 502(1)(A); *United States v. Sanchez,* 687 F.Supp. 1254, 1256 (N.D.Ill.1988). Thus, the *Easton* court analyzed what it thought to be § 841(b)(1)(A) but was in fact § 841(b)(1)(B)—the "old" subpart (A)—overlooking the "new" § 841(b)(1)(A).

For offenders sentenced under "new" subpart (A), there was no form of post-incarceration supervision until October 27, 1986, when § 1002 of the Narcotics Penalties and Enforcement Act of 1986, Pub.L. 99–570 took effect. *Gozlon–Peretz,* 498 U.S. at 404–07, 111 S.Ct. at 846–48, 112 L.Ed.2d at 930–32. This Act amended "new" § 841(b)(1)(A) so that it contained a mandatory term of "supervised release." 498 U.S. at 409, 111 S.Ct. at 849, 112 L.Ed.2d at 933.

It should be noted that, despite their headings, the discussions in "Effective Date and Savings Provisions of 1984 Amendment" in the "Historical and Statutory Notes" following 21 U.S.C.A. § 841 (West Supp.1994), and "Effective Date of

evidence at Griffin's trial which established that the 3,200 milliliters of PCP mixture contained a total of 52.7 grams of PCP, not "more than 500 grams," as Griffin now contends. Trial transcript, pp. 122–23. With the exception noted in n. 3, *infra*, for offenses involving PCP mixtures, the quantity of the drug itself, not the total mixture, is the determinative factor. *United States v. Marshall*, 908 F.2d 1312, 1317 (7th Cir.1990).[3] Thus, the penalty provision applicable to Griffin was not 21 U.S.C. § 841(b)(1)(A), but instead 21 U.S.C. § 841(b)(1)(B), which did authorize a special parole term.

The government's response is a correct statement of the law, but there is a problem. Griffin distributed the 3,200 milliliters of PCP mixture to Clyde Harden, his soon-to-be codefendant. Harden, unlike Griffin, pleaded guilty to the charge in Count IV of the indictment. Harden's sentence, like Griffin's, included a three-year special parole term. On August 11, 1988, Harden filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the special parole term, making the same argument as Griffin does now.

That motion was granted, this court holding that "[b]ecause petitioner was convicted of distributing **more than 500 grams of phencyclidine (PCP)** in 1985, his punishment was governed by 21 U.S.C. § 841(b)(1)(A)." Order dated October 11, 1988 (emphasis added, copy attached to this order as ex. A). Harden's motion was filed nearly three years to the day after Griffin's trial; thus, the relevant facts regarding the quantity of PCP involved were known at that time. The government tactfully implies that the court therefore erred in granting Harden's motion. The government has overlooked the problem that error may create, however; authority from at least one circuit suggests the quantity finding in regard to Harden may be law of the case, binding on the issue with respect to Griffin. *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991).

The government fails to mention that the court's error, in Harden's case, was induced by the government taking a position completely contradictory to that it takes now. Responding to Harden's motion, the government stated:

[T]he court did err by imposing a special parole term in this case. Since the defendant was convicted of distributing more than 500 grams of phencyclidine, the enhancement provisions of 21 U.S.C. § 841(b)(1)(A) apply....

Therefore, the government respectfully requests that the defendant's sentence be modified by striking the three (3) year special parole term....

Government's response filed September 30, 1988 (copy attached to this order as ex. B, but with government's exhibits omitted).

In light of the evidence adduced at Griffin's trial regarding the quantity of PCP involved, the above statement indicates that the government previously considered the entire 3,200 milliliters of mixture to be the PCP quantity. The pertinent text of the statute, during the relevant times and for the relevant quantities, has always referred to pure PCP by omitting the "mixture or substance containing a detectable amount" language used for other drugs. Thus, when Harden succeeded in having his special parole term stricken he received an unwarranted benefit because both the government and the court misread the statute. *See Marshall*, 908 F.2d at 1317.

█ It may seem unjust to treat Griffin differently than Harden, and avoiding such inconsistencies is in part the reason for law of the case doctrine. But what seems unjust is so only superficially. Harden benefitted because of a mistake, and there is no reason to make the same mistake twice. The law of the case doctrine recognizes that a prior decision in a case may be reconsidered to prevent manifest injustice when the first decision was clearly erroneous. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902

---

1984 Amendment" following 21 U.S.C. § 841 (1988), concern only the effective date of the amendment made by § 224(a) of Pub.L. 98–473. Other provisions of the 1984 amendment, as explained, took effect October 12, 1984.

**3.** As *Marshall* notes, this is for mixtures less than one kilogram: "100 grams or more of phencycli-

dine (PCP) or 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP)." 21 U.S.C. § 841(b)(1)(A)(iv). The precursor to this section was § 841(b)(1)(A)(iii) which, at the time of Griffin's offense, stated simply "500 grams or more of phencyclidine (PCP)." Pub.L. 99–570, § 1002(2); Pub.L. 98–473, § 502(1)(A).

F.2d 703, 715 (9th Cir.1990); *Indianapolis Power & Light Co. v. NLRB,* 898 F.2d 524, 529 (7th Cir.1990).

■ This case falls within that category. The evidence at trial showed that Griffin distributed 52.7 grams of PCP. Based on the clear language of 21 U.S.C. § 841(b)(1) in effect at the time of Griffin's offense, he was appropriately sentenced under subpart (B), not (A), which allowed a special parole term. It would be substantially unjust to "correct" a valid sentence only so that codefendants receive identical sentences. Accordingly, Griffin's motion to correct illegal sentence is **DENIED.**

**SO ORDERED.**

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

Clyde Allen Harden, Jr.,

Plaintiff,

v.

United States of America,

Defendant.

Civil No. H 88–414

*ORDER*

MOODY, District Judge.

This matter is before the court on a motion to vacate, set aside, or correct sentence, filed by petitioner Clyde Allen Harden, Jr. pursuant to 28 U.S.C. § 2255, on August 11, 1988. For the reasons explained below, petitioner's motion is GRANTED.

I.

On August 12, 1985, petitioner pleaded guilty to one count of distribution of approximately 3200 milliliters of a mixture containing phencyclidine (PCP), a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). In return for petitioner's agreement to so plead, and petitioner's agreement

to cooperate with the government, the government agreed to dismiss three other counts that had been brought against petitioner. The government further agreed that the defendant's sentence, if any, would not exceed ten years' imprisonment.

On September 26, 1985, the court sentenced petitioner to seven years' imprisonment and assessed the mandatory penalty of $50.00 pursuant to 18 U.S.C. § 1405. The court further imposed upon petitioner a special parole term of three years. It is this term of special parole that petitioner now challenges.

II.

Petitioner claims first that he was denied effective assistance of counsel when his attorney neither advised him of the possibility of a special parole term nor objected when the court imposed such a term of special parole. Second, petitioner asserts that the court erred by not explaining to petitioner the effects of a term of special parole, and the possibility that the court might impose such a term. Finally, petitioner claims that his term of special parole constitutes excessive punishment in violation of the eighth amendment prohibition against cruel and unusual punishment.

The court finds it unnecessary to analyze each of petitioner's three grounds for relief. Because petitioner was convicted of distributing more than 500 grams of phencyclidine (PCP) in 1985, his punishment was governed by 21 U.S.C. § 841(b)(1)(A). Between October 12, 1984, and October 27, 1986, § 841(b)(1)(A) did not provide for the imposition of special parole. *United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.1988); *United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986); *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986). It is clear, then, that the court erred in imposing a term of special parole on petitioner for his 1985 crimes.

Accordingly, the court FINDS that petitioner's sentence to a three year term of special parole was improper and hereby

GRANTS petitioner's motion to vacate, set aside, or correct sentence. The court OR-DERS that the term of special parole be STRICKEN from petitioner Harden's sentence. The remaining terms of his punishment shall remain unchanged.

ENTER: October 11, 1988.

## EXHIBIT B

Sept. 30, 1988.

*GOVERNMENT'S RESPONSE TO PETI-TIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTO-DY*

Comes now the United States of America, by James G. Richmond, United States Attorney for the Northern District of Indiana, and responds to Clyde Allen Harden's (hereinafter Harden) Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody as filed with this Court on August 11, 1988.

## HISTORY OF THE CASE

On June 20, 1985, under cause number H CR 85–19, Harden was named as a co-defendant in an eight count indictment charging him along with Henry Louis Griffin with various violations of federal criminal law involving the distribution of controlled substances. Exhibit A, the indictment.

On August 12, 1985, Harden filed his Petition to Enter a Change of Plea with the Court. Exhibit B. This plea agreement required Harden to plead guilty to Count IV of the indictment charging him with distribution of phencyclidine (PCP) in violation of Title 21, United States Code, Section 841(a)(1). *Id.* at 3. In return for his plea of guilty to Count IV, the government agreed to dismiss Counts I through III of the indictment at the time of sentencing. *Id.* at 4. As a further part of the agreement, the government agreed that the defendant's sentence, if any, would not exceed ten years imprisonment. The defendant also agreed to cooperate with the government regarding the people and events involved in this case. *Id.*

After the Petition to Enter a Change of Plea was filed with the Court, the Honorable James T. Moody conducted a change of plea hearing on August 12, 1985, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Exhibit C (transcript of hearing). On that date, Harden pled guilty to Count IV of the indictment charging him with the knowing distribution of approximately 4,000 grams of PCP. *See* Exhibit C at 23–24.

On September 26, 1985, Harden received the following sentence from Judge Moody:

... Seven (7) years as to Count IV, defendant to serve a special parole term of three (3) years. Defendant ordered to pay a mandatory penalty assessment of $50.00 pursuant to the Crime Control and Fine Enforcement Act of 1984, Title 18, U.S.C., Section 1405. Exhibit D.

Also, on this day, the Court entered an order dismissing Counts I through III of the indictment.

On January 10, 1986, Harden asked the District Court for a modification of sentence. Exhibit E. In this motion Harden did not contest the validity of his sentence but only asked the Court to reduce his sentence because of his personal and family problems. *Id.* The District Court denied Harden's motion for modification of sentence on February 11, 1986. Harden did not appeal this decision.

On August 11, 1988, Harden filed his instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his instant motion, Harden sets forth three arguments attacking the legality of the imposition of a special parole term as part of his sentence on September 26, 1985. First, Harden claims that he was denied effective assistance of counsel because his attorney (a) failed to advise him about the special parole term, and (b) failed to object when the Court imposed a special parole term. Second, the Court erred by failing to advise Harden that a special parole term could be imposed as part of the sentence in this case. Third, Harden claims that the imposition of a special parole

term is cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States.

Other than the Section 2255 Motion now before the Court, and his unsuccessful modification motion, Harden has neither sought nor obtained any other post-conviction relief.

## ARGUMENT

Harden advances three arguments in support of his position that the special parole term of three (3) years imposed by the Court in his case should be set aside. While none of these arguments has any merit, nonetheless, a review of Title 21, United States Code, Section 841(b)(1)(A) revealed that the Court did err by imposing a special parole term in this case. Since the defendant was convicted of distributing more than 500 grams of phencyclidine, the enhancement provisions of 21 U.S.C. § 841(b)(1)(A) apply. A conviction for distribution of more than 500 grams of phencyclidine carries a maximum penalty of 20 years imprisonment and/or a $250,000 fine (there is no authority under 841(b)(1)(A) to impose a special parole term). This case is similar to *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.C.Nev.1986). That case, like the case at bar, involved the enhanced penalty provisions of Section 841(b)(1)(A). As pointed out in *Phungphiphadhana*, the provisions of Section 841(b)(1)(A) did not provide for special parole terms. *Id.* at 89, *see also, United States v. Santamaria*, 788 F.2d 824 (1st Cir.1986). Thus, without addressing any of the arguments advanced by the petitioner, the government believes that the Court did err in imposing a special parole term of three (3) years in this case.

Therefore, the government respectfully requests that the defendant's sentence be modified by striking the three (3) year special parole term imposed by the Court on September 26, 1985, and for all other just and proper relief.

Respectfully submitted,

JAMES G. RICHMOND
UNITED STATES ATTORNEY

/s/ By: Michael A. Thill
Michael A. Thill
Assistant United States Attorney

