UNITED STATES of America, Plaintiff,

v.

Jorge Whiteman GUTIERREZ, Defendant.

Crim. No. 84–429 (RLA).

United States District Court, D. Puerto Rico.

Sept. 8, 1995.

U.S. Attorney, U.S. Attorney's Office Criminal Division, Hato Rey, PR, for plaintiff.

Jorge Whiteman Gutierrez, Fort Dix, NJ, pro se.

### *ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE*

ACOSTA, District Judge.

Before the Court is defendant JORGE WHITEMAN GUTIERREZ's Motion to Correct Illegal Sentence (**docket No. 74,** filed on January 30, 1995), which, for reasons set forth below, we hereby **DENY.**

#### PROCEDURAL BACKGROUND

On December 19, 1984, defendant was charged along with four other codefendants in Count One of a two-count indictment in Criminal case No. 84–429 (RLA). The indictment accused defendants of aiding and abetting each other on board a vessel in the possession with intent to distribute approximately twenty-one thousand (21,000) pounds of marihuana, a Schedule I Controlled Substance, all in violation of 18 U.S.C § 2 and 21 U.S.C. §§ 955a(a) and 955a(f). Defendant pled guilty on April 1, 1985, and on May 10, 1985, he was sentenced to a term of three (3)

years imprisonment, followed by a special parole term of five (5) years.

## RULE 35 JURISDICTION

Defendant is requesting that the Court correct his sentence pursuant to Fed. R.Crim.P. 35(a). Prior to its amendment by Pub.L. 98–473, the Rule 35 applicable to offenses committed prior to November 1, 1987, read as follows, where relevant:

**Rule 35. Correction or Reduction of Sentence**

**(a) Correction of Sentence.** The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Since defendant's offense occurred on December 11, 1984, Rule 35(a) was properly invoked and this Court has jurisdiction to entertain defendant's request for correction of sentence.

## DEFENDANT'S ALLEGATIONS

Defendant is not correct, however, in his interpretation of the amendments enacted by the Comprehensive Crime Control Act of 1984 (CCCA), P.L. 98–473, Title II, 98 Stat. 1976, amendments pursuant to which he believes he should have been sentenced. These revisions became effective the date of passage of the legislation; that is, on October 12, 1984, a mere two months before defendant's offense was committed.

Defendant contends that his sentence is illegal in that the penalty provision for the offense of which he was convicted did not provide for a term of special parole supervision. Although he refers to Title 21 U.S.C §§ 841(b) and 960(b) interchangeably, it appears that defendant's argument is directed at a new subsection "(1)" that was added to § 960(b) by the CCCA. This new section mandated more severe sentences for offenses involving larger quantities of controlled substances, but did not make any provisions for the imposition of post-conviction supervision terms of special parole.[1]

## LEGISLATIVE BACKGROUND

Certainly, prior to 1984, 21 U.S.C § 955 had criminalized the manufacture, distribution or possession with intent to manufacture or distribute controlled substances on board vessels.[2] The relevant penalty provision, 21 U.S.C. § 960(b), provided for terms of incarceration, fines and the imposition of mandatory special parole terms. *See* Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, Title III, § 1010, October 27, 1970, 84 Stat. 1290.

On October 12, 1984, the CCCA amended Title 21, section 960(b)—**Penalties** by inserting after "(b)" a new paragraph "(1)" and redesignating paragraphs "(1)" and "(2)" as paragraphs "(2)" and "(3)", respectively. In addition, it deleted portions of the redesignated paragraphs and substituted them with language that increased fines and provided penalties for specific quantities of marihuana and hashish violations, among others. Accordingly, the post–1984 version of 21 U.S.C. § 960(b), where pertinent, reads as follows:

(b) Penalties

(1) In the case of a violation under subsection (a) of this section involving—

(A) 100 grams or more of a mixture or substance containing a detectable amount of **narcotic drug** in schedule I

---

1. The First circuit Court of Appeals, noting this aberration, has maintained that either "Congress 'slipped a cog'" (quoting *United States v. Sanchez*, 687 F.Supp. 1254, 1256 (N.D.Ill.1988), "or that because larger transactions carried potentially longer time served, special parole was more appropriate for smaller scale infractions." *See United States v. Ferryman*, 897 F.2d 584, 586, n. 1 (1st Cir.1990).

2. 21 U.S.C §§ 955a(a) and 955a(f), the relevant sections under which defendant was charged, read as follows:

(a) It is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States on the high sea, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute a controlled substance.

. . . .

(f) Any person who violates this section shall be tried in the United States district court at the point of entry where that person enters the United States. . . .

or II other than a narcotic drug consisting of—

(i) coca leaves;

(ii) a compound, manufacture, salt derivative, or preparation of coca leaves; or

(iii) a substance chemically identical thereto;

(B) a kilogram or more of any other **narcotic drug** in schedule I or II;

(C) 500 grams or more of phencyclidine (PCP);

(D) 5 grams or more of lysergic acid diethylamide (LSD);

the person committing such violation shall be imprisoned for not more than twenty years, or fined not more than $250,000, or both.

(2) In the case of a violation under subsection (a) of this section with respect to a controlled substance in schedule I or II, the person committing such violation shall, **except as provided in paragraphs (1) and (3),** be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

(3) In the case of a violation under subsection (a) of this section with respect to **less than 50 kilograms of marihuana,** less than 10 kilograms of hashish, less than one kilogram of hashish oil, or any quantity of a controlled substance in Schedule III, IV, or V, the person committing such violation shall, except as provided in paragraph (4), be imprisoned not more than five years, or be fined not more than $50,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall, in addition to such term of imprisonment, include (A) a special parole term of

not less than two years of such controlled substance is in schedule I, II, III, or (B) a special parole term of not less than one year if such controlled substance is in schedule IV.

Pub.L. No. 91–513, Title III, § 1010, 84 Stat. 1290 (1970), as amended by Pub.L. No. 98–473, Title II, § 504, 98 Stat.2070 (1984) (emphasis added).

## PROPRIETY OF SENTENCE IMPOSED

Appellant was convicted of an offense involving possession of 21,000 pounds of marihuana[3], a **non-narcotic** Schedule I controlled substance, *see* 21 U.S.C. § 812(c), Schedule I(c)(10); 21 U.S.C § 802(16) and (17) (defining marihuana and narcotic drug). Thus, defendant could not have been sentenced under 960(b)(1), the "newly" added section, since none its four subsections, "(A)–(D)" were applicable to defendant's offense. Indeed, it is evident that defendant was sentenced in accordance with the penalty provisions of 960(b)(3), as amended by the CCCA on October 12, 1984. That penalty provision, as shown above, mandated that violations involving **"less than 50 kilograms of marihuana"** would be subject to terms of imprisonment of not more than five years and special parole terms of not less than two years.[4]

## CONCLUSION

Since defendant was sentenced to three years imprisonment and a special parole term of five years, we find that defendant's sentence was accurately calculated and properly imposed. Accordingly, we reject his argument that a special parole term should not have been mandated as part of his sentence, and his motion to correct sentence is hereby **DENIED.**

IT IS SO ORDERED.

---

**3.** 21,000 pounds of marihuana equals approximately 9,525 kilos of marihuana.

**4.** For offenses involving controlled substances in schedule I.